

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-13-2008

# USA v. Bigler

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1539

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Bigler" (2008). *2008 Decisions.* Paper 1231.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1231

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1539
_____

UNITED STATES OF AMERICA

v.

BRENT BIGLER,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 04-cr-00338-2)
District Judge:  Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
March 3, 2008

Before:  SCIRICA, *Chief Judge*, FISHER and ROTH, *Circuit Judges*.

(Filed:  May 13, 2008)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Brent Bigler seeks review of an order of the United States District Court for the

Middle District of Pennsylvania denying his "motion for clarification of the plea

agreement" into which he entered.  Bigler contends that because he had a prior agreement

with the government that was completely separate from the ultimate plea agreement, the District Court incorrectly determined that the prior agreement was superseded. For the reasons that follow, we conclude that the District Court lacked jurisdiction. Therefore, we will vacate the District Court's order and dismiss the appeal. In the alternative, if we were to conclude that the District Court had jurisdiction, we would affirm its decision on the merits.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Beginning in August 2001, Defendant Brent Bigler, Daryl Bell, and others conspired to defraud Dentsply International ("Dentsply"). Through an elaborate three-year scheme involving the resale of dental equipment obtained at no charge through an incentive program, Dentsply was defrauded out of equipment worth $1.8 million.

After being apprehended, Bigler reached a plea agreement with the government in which he agreed to plead guilty to conspiracy to commit mail fraud and a forfeiture count. Before reaching a final plea agreement, Bigler's counsel mailed a letter to the government dated March 30, 2004, which sought to memorialize an alleged agreement between the two sides. The agreement as described in the letter was that the money seized from the bank account of Bigler's shell corporation, Texas Wholesale Dental Supply, would not be

forfeited. Instead, the money would be counted as a voluntary transfer going towards foreseeable restitution.

The final plea agreement, which Bigler signed and dated on October 5, 2004, stipulated that he would forfeit $354,729 seized from the bank account of Texas Wholesale Dental Supply, and his interest in real estate located in Plano, Texas. In addition, Bigler agreed to pay restitution to the victim. Finally, the agreement contained an integration clause that stated: "[T]his document . . . supersedes all prior understandings, if any, whether written or oral."

After finalizing the plea agreement, the parties presented it to the District Court and Bigler entered his guilty plea. At that time, the government recited the essential provisions of the agreement. The District Court asked Bigler and his counsel if the government had given an accurate summary of the plea agreement. Bigler's counsel stated that the summary was accurate, but that clarification was needed regarding the forfeiture of the Texas property. The parties clarified the specifics of the real estate forfeiture, which are not at issue in this appeal. The District Court then asked again if the summary of the plea agreement was accurate. Bigler and his counsel both agreed that it was, and with no objection the District Court incorporated the final order of forfeiture into the oral pronouncement of sentence and into the judgment.

Almost a year after Bigler was sentenced on December 2, 2005, he filed a motion for "clarification of the plea agreement" on November 30, 2006. Relying on the

3

March 30, 2004 letter from his counsel, Bigler claimed that a discrete agreement existed and due to its completely separate nature, it was not superseded by the integration clause in the plea agreement. The alleged agreement was for the seized funds to count towards restitution, and because Bigler had already provided full restitution, he argued that the seized funds should be returned to him. The District Court characterized Bigler's motion as a motion to amend the plea agreement and denied it for three reasons: Bigler had waived his right to contest the forfeiture, he had agreed to provide full restitution to Dentsply, and all prior understandings had been superseded by the plea agreement. Bigler filed a timely notice of appeal.

## II.

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 542 (1986). We have "an obligation to inquire sua sponte into [our] own jurisdiction and, necessarily, into the jurisdiction of the District Court to enter the order on appeal." *United States v. Higgs*, 504 F.3d 456, 457 (3d Cir. 2007). We have jurisdiction under 28 U.S.C. § 1291. *Id.* at 458.

If we were to conclude that the District Court had jurisdiction, analysis of the plea agreement would be necessary. We exercise plenary review over the interpretation and

enforcement of a plea agreement. *See United States v. Gebbie*, 294 F. 3d 540, 544-45 (3d Cir. 2002).

III.

Bigler argues that the District Court erred when it denied his "motion for clarification of the plea agreement" on the basis that any prior agreement was superseded according to the integration clause of the plea agreement. The government contends that the Court lacked subject matter jurisdiction to entertain his motion. Even if jurisdiction did exist, the government argues, no separate agreement existed and any such agreement would have been superseded by the integration clause.

After examining the purpose of Bigler's "motion for clarification of the plea agreement," as well as the text of the Federal Rules of Criminal Procedure and controlling precedent, we conclude that the District Court did not have jurisdiction over Bigler's motion. In the alternative, if the District Court had jurisdiction, we would affirm its denial of Bigler's motion.

A.

In his motion, Bigler sought to have the money seized by the government applied to his restitution instead of being treated as a forfeiture. The District Court described Bigler's motion as a "motion to amend the plea agreement" without specifically noting under which Rule of Criminal Procedure the motion had been filed.

The Federal Rules of Criminal Procedure provide the requirements for filing a motion to correct a sentence: "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). We have concluded that this seven-day time limit is jurisdictional, because it is based on a statute. *Higgs*, 504 F.3d at 464. Therefore, assuming that Bigler's motion was a Rule 35(a) motion, the District Court lacked jurisdiction to entertain it because it was filed well beyond seven days after sentencing.

In *Higgs*, the defendant filed his Rule 35(a) motion within the seven-day time limit, but the District Court did not rule on his motion until after the seven days had passed. *Id.* at 458-59. We determined that the defendant's motion must be filed within the seven days, and in addition, the District Court must rule on the motion within the seven-day time limit. *Id.* In deciding whether the seven-day limit was jurisdictional, we noted that the Supreme Court case of *Bowles v. Russell*, 127 S. Ct. 2360 (2007), was controlling. *Higgs*, 504 F.3d at 464. In *Bowles*, the Supreme Court explained that "if a time limitation is set forth in a statute, it is jurisdictional." *Id.* We concluded that the Rule 35 seven-day time period "derives from the limitation set forth by statute, 18 U.S.C. § 3582(c)." *Id.* Therefore, we determined that the District Court lacked jurisdiction to hear Higgs's Rule 35 motion; we vacated the order denying the motion and dismissed the appeal. *Id.*

6

In this case, Bigler did not file his Rule 35 motion until nearly a year after his sentencing. This means, of course, that neither the motion nor the District Court's ruling were within the Rule 35 seven-day time frame. As we determined in *Higgs*, the seven-day time frame is jurisdictional, so the District Court did not have jurisdiction to entertain Bigler's motion. *Higgs* dictates that we must vacate the District Court's denial of the motion and dismiss the appeal. *Id.* at 465.

B.

In the alternative, Bigler's "motion for clarification of the plea agreement" could have been construed as a Rule 36 motion. Rule 36 provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36.

Thus, if Bigler's motion had been construed as a request for the District Court to correct an error under Rule 36, the Court was free to do so "at any time." *Id.* Considering the substance of the District Court's order denying the motion, we conclude that if the District Court had possessed jurisdiction, its denial of relief would have been proper.

Principles of contract law govern the interpretation of plea agreements, and both the defendant and the government are bound by the terms of the agreement. *United States v. Williams*, 510 F.3d 416, 422 (3d Cir. 2007); *see also United States v. Butler*, 297 F.3d 505, 513 n.8 (6th Cir. 2002) ("[A]n integration clause normally prevents a criminal

defendant, who has entered into a plea agreement, from asserting that the government made oral promises to him not contained in the plea agreement itself.").  In this case, Bigler was bound by the following terms of the plea agreement:  (1) his agreement to forfeit the funds, (2) his agreement to make restitution, and (3) the integration clause specifying that the plea agreement superseded any other agreements.

In addition, the March 30, 2004 letter from Bigler's counsel to the government shows only Bigler's position with regard to the plea negotiations.  In the absence of any response from the government, the letter does not demonstrate an understanding between the two sides.  Therefore, Bigler's argument about the alleged separate agreement lacks merit.

IV.

If we had concluded that the District Court had jurisdiction, we would have affirmed its decision.  For the foregoing reasons, we conclude that it did not have jurisdiction.  Therefore, we will vacate the District Court's order denying Bigler's motion and dismiss the appeal.