

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2006

# USA v. Hight

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2792

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Hight" (2006). 2006 Decisions. Paper 1079.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1079

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-2792

_____

UNITED STATES OF AMERICA,

Appellee,

v.

STEVEN HIGHT, a/k/a STEVEN R. STATEN

Steven Hight,

Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

District Court Judge: The Honorable Berle M. Schiller
(Criminal No. 04-00333-1)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 27, 2006

BEFORE: AMBRO and FUENTES, Circuit Judges, and IRENAS,* District Judge.

(Filed: May 19, 2006)

---

\* Honorable Joseph E. Irenas, Senior District Judge for the United States District
Court for the District of New Jersey, sitting by designation.

_____

OPINION OF THE COURT

_____

FUENTES, Circuit Judge.

Steven Hight challenges his conviction on charges related to the robbery of a

Philadelphia restaurant, arguing that the District Court erred in denying his motion to

suppress identifications by two eyewitnesses of the robbery. Hight contends that the

identification procedure used by the investigating police officers was unduly suggestive.

We find that the identification procedure was constitutional, and we therefore deny

Hight's appeal.[1]

## I. BACKGROUND

Because we write only for the parties, our summary of the facts is abbreviated. On

the evening of December 6, 2003, Steven Hight entered Carribean Cuisine restaurant in

Philadelphia, purchased food, and left. Willie Thomas and Rohan Hemmings were

working in the restaurant at the time, and Thomas recognized Hight as a person from the

neighborhood who had been in the restaurant before. About 30 minutes later, a man

---

[1] The District Court had jurisdiction over this federal criminal case pursuant to 18 U.S.C. § 3231. This Court has jurisdiction over Hight's appeal of his conviction pursuant to 28 U.S.C. § 1291. A district court's decision to admit identification testimony over the defendant's objection is reviewed for abuse of discretion. United States v. Emanuele, 51 F.3d 1123, 1127 (3d Cir. 1995). In considering a district court's denial of a motion to suppress, we review factual findings for clear error and we review legal determinations *de novo*. Id.

wearing a hat and a scarf wrapped around his face entered the restaurant, pointed a rifle at Thomas and demanded money. Thomas and Hemmings testified that they recognized the gunman to be the same man who had been in the restaurant earlier. Thomas grabbed the gunman's rifle and a struggle ensued, in which several shots were fired but no one was hit. Thomas then stabbed the gunman in his side, and the gunman fled. Both Hemmings and Thomas testified that the gunman's scarf fell from his face several times during the altercation, so that his face was fully exposed. (App. 19, 48-49.)

Thomas placed two 911 calls after the robbery. In the first, he stated that the restaurant had been robbed. During the second call, the following discussion of the gunman took place:

> Operator: What did he look like?
> Thomas: I don't know, he had a mask on.
> Operator: Was he black white Hispanic?
> Thomas: He was a black guy.
> Operator: What was he wearing?
> Thomas: He was all black. All black.
> Operator: Wearing all black. And he had what kind of mask on?
> Thomas: Well he black hat on [sic] and like scarf around his neck [sic] and I stabbed him in the side.

(App. 93.) When the police arrived, Thomas told them that he could identify the robber. (App. 23.) Soon after, the police received a call reporting a man with a gunshot wound at a residence a block from the restaurant. When two officers arrived there, they found Hight tending to a bloody wound in his side. Hight told the officers that he had been a victim of a robbery, but the officers suspected that Hight was responsible for the Carribean Cuisine

3

robbery. (App. 60-61.)

Hight was handcuffed and placed in an ambulance outside the residence. The handcuffs were then removed so that paramedics could tend to Hight. Meanwhile, Thomas was told that there was a report of a stab victim nearby and that he would be taken to see if he could identify the stab victim as the gunman in the restaurant. When Thomas arrived, the ambulance door was opened and Hight was sitting inside, with paramedics tending to him. A policeman was standing guard nearby. Thomas immediately and with certainty identified Hight as the robber. (App. 63-64.) Hemmings was then separately taken to see Hight in the ambulance and also identified Hight immediately as the robber. (App. 51.)

In June 2004, Hight was indicted in the Eastern District of Pennsylvania on federal charges of Hobbs Act robbery, use of a firearm during and in relation to a crime of violence, and being a felon in possession of a firearm. Before trial, Hight filed a motion to suppress the identifications by Thomas and Hemmings on the ground that the identification procedure was too suggestive. Following an evidentiary hearing, the District Court denied the motion in an oral decision. Hight proceeded to trial and was found guilty on all charges. In May 2005, the District Court sentenced Hight to 240 months in prison.

## II. DISCUSSION

An identification procedure violates a defendant's right to due process when it is

"'unnecessarily suggestive' and creates a 'substantial risk of misidentification.'" United

States v. Emanuele, 51 F.3d 1123, 1128 (3d Cir. 1995) (citations omitted). An

unnecessarily suggestive procedure is not unconstitutional "'so long as the identification

possesses sufficient aspects of reliability,' for reliability is the 'linchpin in determining

the admissibility of identification testimony.'" Id. (quoting Manson v. Brathwaite, 432

U.S. 98, 106, 114 (1977)). Reliability of an identification is considered under a totality of

the circumstances test, Emanuele, 51 F.3d at 1128, and relevant factors include

> the opportunity of the witness to view the criminal at the time of the crime,
> the witness' degree of attention, the accuracy of the witness' prior
> description of the criminal, the level of certainty demonstrated by the
> witness at the confrontation, and the length of time between the crime and
> the confrontation.

Neil v. Biggers, 409 U.S. 188, 199-200 (1972); see also Brathwaite, 432 U.S. at 114. The

burden is on the defendant to demonstrate that an identification procedure was

unconstitutionally suggestive. United States v. Lawrence, 349 F.3d 109, 115 (3d Cir.

2003). In determining whether an identification procedure violated due process, a court

should not take into account independent evidence of the defendant's culpability; only

those factors related to the reliability of the identification itself should be considered.

Emanuele, 51 F.3d at 1128.

Here, Hight claims that the identification procedure that led to his identification by

Thomas and Hemmings was unnecessarily suggestive. The witnesses were shown only

Hight, without other possible suspects to choose from. A police officer was standing

5

guard during the identifications and it was clear that Hight was being tended to for a wound in his side. The witnesses were specifically asked whether Hight was the gunman in the restaurant. These factors probably created an unnecessary suggestiveness of guilt. See Emanuele, 51 F.3d at 1129-30 (concluding that a confrontation leading to an identification was unnecessarily suggestive where the defendant was walked past the identifying witnesses in shackles, with a United States Marshal on each side).

Under the totality of the circumstances test, however, Hight cannot establish a substantial risk of misidentification in this case. According to the testimony of Thomas and Hemmings, they had ample opportunity to observe the gunman while he was in the restaurant because his scarf fell from his face. Both witnesses were in close contact with the gunman during the robbery, and they identified Hight without hesitation when they saw him in the ambulance. Moreover, Thomas testified that he had seen Hight in the restaurant before and was familiar with how Hight looked. The reliability of the identifications is also bolstered by the shortness of the time period between the robbery and the identifications. One element that sheds some doubt on the identifications is Thomas' failure to describe the gunman to the 911 operator, or to tell the operator that he had seen the gunman in the restaurant previously. Thomas testified at the evidentiary hearing that this lapse was due to his anxiety at the time of the calls. (App. 27.) This explanation is not unreasonable, and given the other strong indicia of reliability of the identifications, we conclude that there was no substantial risk of misidentification in this

case. The District Court therefore did not err in denying Hight's motion to suppress, and

Hight's appeal on this basis is denied.