

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2008

# USA v. Hight

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3490

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Hight" (2008). *2008 Decisions.* Paper 65.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/65

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-45                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3490

_____

UNITED STATES OF AMERICA

v.

STEVEN HIGHT,
a/k/a STEVEN R. STATEN

Steven Hight,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-04-cr-00333-001)
District Judge: Honorable Berle M. Schiller

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6 and for
Request for a Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)
December 4, 2008

Before: BARRY, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 19, 2008)

_____

OPINION

_____

PER CURIAM

Following a jury trial in the District Court, Appellant Steven Hight was found guilty of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On May 23, 2004, he was sentenced as a career offender to a term of 240 months of imprisonment. We affirmed the judgment of conviction and sentence on June 12, 2006, in United States v. Hight, No. 05-2792, and Hight did not petition the United States Supreme Court for certiorari. On March 12, 2007, Hight filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, wherein he claimed a denial of effective assistance of counsel. The District Court adopted Magistrate Judge Jacob P. Hart's report and recommendation, and denied relief by order dated April 21, 2008.

Instead of appealing from that order, Hight filed two motions, on June 27 and June 30, 2008, respectively. In the first motion, which the District Court docketed as "Motion to Dismiss Count Three of the Indictment and Vacate the Conviction and Sentence for Lack of Federal Subject Matter Jurisdiction," Hight challenged the constitutionality of 18 U.S.C. § 922(g)(1) as an unlawful exercise of Congress' Commerce Clause powers. In the second motion, which the District Court docketed as "Motion of Pro Se Defendant Steven Hight for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. 3582(B)(2)[1]," Hight asked for relief under Amendment 709 of the United States

---

[1] The relief Hight seeks is actually pursuant to 18 U.S.C. § 3582(c)(2).

2

Sentencing Guidelines. The District Court denied both motions by order dated July 29, 2008, and Hight timely appealed on August 1, 2008.

As explained below, the District Court's exercise of jurisdiction over Hight's "Motion to Dismiss Count Three of the Indictment and Vacate the Conviction and Sentence for Lack of Federal Subject Matter Jurisdiction" was improper because the motion was in effect an unauthorized second § 2255 motion. Therefore, we will construe it as such and deny a certificate of appealability for the claims therein. With respect to Hight's appeal from the denial of his § 3582(c) motion, however, we will summarily affirm because it clearly presents no substantial question. See LAR 27.4; I.O.P. 10.6. Our jurisdiction over this appeal is conferred by 28 U.S.C. § 1291.

Second or Successive § 2255 motion

A § 2255 motion is the presumptive means by which a federal prisoner can challenge the validity of his conviction or sentence, unless such a motion would be "inadequate or ineffective." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Furthermore, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), district courts lack jurisdiction over second or successive § 2255 motions without proper authorization from a panel of the court of appeals. See 28 U.S.C. § 2255(h). Hight has already filed one § 2255 motion, which the District Court denied on March 12, 2007. The instant motion challenging the constitutionality of 18 U.S.C. § 922(g)(1) is undoubtedly an attack on the validity of Hight's conviction and sentence, and

3

there is no reason why a § 2255 motion would be "inadequate or ineffective" in advancing that claim. Therefore, because Hight has failed to comply with AEDPA's stringent gatekeeping requirements for filing a second or successive § 2255 motion, and regardless of the District Court's improper exercise of jurisdiction, we decline to issue a certificate of appealability on his constitutional claim. See 28 U.S.C. § 2253(c).[2]

Relief Under Amendment 709

Hight's § 3582(c) motion seeks relief pursuant to U.S.S.G. § 4A1.2(a)(2), as revised by Amendment 709. That amendment established that effective November 1, 2007, § 4A1.2(a)(2) of the Sentencing Guidelines would thereafter read:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

Hight argues that this provision of the Guidelines entitles him to relief "on the grounds that [he] was charged as a career offender," and "[a]lthough there was an intervening arrest, [he] was sentenced to all offenses on the same day." There are two fundamental

---

[2] Though we do not reach the merits of Hight's constitutional claim, we note that it is foreclosed by our decision in United States v. Singletary, 268 F.3d 196, 205 (3d Cir. 2001).

4

problems with this argument.  First, the fact that there was an "intervening arrest," which Hight concedes, fatally undercuts his attempt to consolidate two of his prior sentences. Second, and more importantly, even if U.S.S.G. § 4A1.2(a)(2)(B) counseled that Hight's prior sentences should be consolidated were he sentenced today, the provision is not retroactively applicable to his pre-amendment sentencing.  See U.S.S.G. § 1B1.10(c); see also United States v. Wood, 526 F.3d 82, 88 (3d Cir. 2008).  It follows, then, that this argument must fail.  There being no substantial question presented by Hight's appeal from the denial of his § 3582(c) motion, we will summarily affirm the District Court's order denying relief.