DLD-285                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1586
_____

UNITED STATES OF AMERICA

v.

STEVEN HIGHT,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:04-cr-00333-001)
District Judge:  Honorable Berle M. Schiller
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 30, 2015

Before: FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed:  August 6, 2015)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Steven Hight appeals from the order of the District Court denying his motion under Rule 35(a) of the Federal Rules of Criminal Procedure. For the reasons that follow, we will summarily affirm the District Court's judgment.

Following a jury trial, Hight was convicted of a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm, in violation of § 18 U.S.C. § 922(g). In May 2005, he was sentenced as a career offender to a term of 240 months of imprisonment. We affirmed the judgment on appeal. United States v. Hight, 181 F. App'x 226 (3d Cir. 2006).

In 2007, Hight filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied on the merits. Rather than appealing from that denial, Hight filed two motions, one challenging the constitutionality of § 922(g), the other seeking a modification of his sentence via under 18 U.S.C. § 3582. The District Court denied the motions, and we affirmed (albeit treating the former motion as an unauthorized successive § 2255 motion and denying Hight a certificate of appealability for that claim). See United States v. Hight, 304 F. App'x 31 (3d Cir. 2008) (per curiam).

In August 2014, relying upon Rule 35(a), Hight filed in the District Court a motion to correct an illegal sentence. Hight argued that he should not have been sentenced as a career offender because the two prior felony convictions upon which that designation was

2

predicated should not have counted as separate offenses. After the Government filed a response, the District Court entered an order denying the motion. This appeal followed.[1]

Having reviewed the record, we determine that the District Court's ruling was correct. A Rule 35 motion must be filed "[w]ithin 14 days after sentencing." See Fed. R. Crim. P. 35(a).[2] Hight filed his motion almost 10 years after he was sentenced. It was therefore entirely proper for the District Court to deny it. See United States v. Higgs, 504 F.3d 456, 463 (3d Cir. 2007) (holding that the time limit of Rule 35(a) is jurisdictional).

Moreover, even if Hight's motion could be considered timely (and if we assumed that a Rule 35(a) motion was the proper vehicle for raising such a claim), Hight would not have been entitled to relief in the District Court. His argument is without merit. Hight raised the precise claim in his earlier motion for a modification of sentence. In affirming the District Court's denial of that motion, we explicitly rejected Hamm's assertion that his prior felony convictions should not have counted as separate offenses for purposes of determining his career offender status. See Hight, 304 F. App'x at 33.

Accordingly, we will affirm the judgment of the District Court.

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We may summarily affirm a judgment of the District Court on any basis supported by the record if the appeal does not raise a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

[2] We note that the version of the Rule in force at the time of Hight's conviction permitted such correction within seven days after sentencing. Thus, under either the current or the former version of this Rule, Hight's motion is grossly untimely.