

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-2007

# USA v. Higgs

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3738

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Higgs" (2007). *2007 Decisions.* Paper 314.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/314

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-3738

———

UNITED STATES OF AMERICA

v.

CHARLES HIGGS,
agent of GOLDIE

Charles Higgs,
                                    Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 04-cr-00554-2)
District Judge:  Hon. Garrett E. Brown, Jr., Chief Judge

———

Submitted Under Third Circuit LAR 34.1(a)
September 17, 2007

Before: SLOVITER, SMITH, and WEIS, Circuit Judges

(Filed October 4, 2007)

———

John S. Furlong
Furlong & Krasny
West Trenton, NJ 08628

        Attorney for Appellant

George S. Leone
Office of United States Attorney
Newark, NJ 07102

John J. Hoffman
Office of United States Attorney
Trenton, NJ 08608

   Attorneys for Appellee


OPINION OF THE COURT


SLOVITER, Circuit Judge.

   This court has an obligation to inquire sua sponte into its own jurisdiction and, necessarily, into the jurisdiction of the District Court to enter the order on appeal. In the case before us, defendant Charles Higgs appeals from the order of the District Court denying his motion for reduction of sentence under Rule 35(a) of the Federal Rules of Criminal Procedure. For the reasons set forth below in some detail, we conclude that the District Court lacked jurisdiction to enter the order.

**I.**

   On October 29, 2004, Higgs waived indictment and pled guilty to a one-count information charging him with knowingly and intentionally conspiring with others to distribute and possess with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. In his plea agreement, Higgs also stipulated to having possessed a firearm in connection with drug trafficking.

   The District Court found, and both parties agreed, that Higgs' adjusted offense level was 31 and his criminal history category was IV. This resulted in a guidelines range of 151 to 188 months. On January 5, 2005, the District Court held a sentencing hearing and sentenced Higgs to 156 months imprisonment, along with five years of supervised release and a $3,500 fine. The sentencing took place one week before the Supreme Court's watershed decision in United States v. Booker, 543 U.S. 220 (2005), announced January 12, 2005. Judgment on Higgs' sentence was entered on January 14, 2005.

2

Rather than file a direct appeal with this court, Higgs chose, also on January 14, 2005, to move for a reduction of his sentence under Rule 35(a) which provides, "Correcting Clear Error. Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Appended to the motion was an Affidavit of counsel which noted the recent decision in Booker and its companion case, United States v. Fanfan, which made the Guidelines advisory. The affidavit concluded that "[u]nder these constitutional circumstances, defendant respectfully requests this Court review his sentence under Booker and Fanfan and make an independent determination of the propriety of his sentence, subject to the reasonableness standard articulated in United States v. Fanfan." App. at 21.

On January 24, 2005, ten days after the motion was filed, the District Court conducted a telephone conference on the motion, at which Higgs was not present. The Court stated that, in light of Booker, "we, of course, have guidelines . . . that are not dispositive." App at 43. The Court then proceeded to consider a number of factors, including Higgs' criminal history. The Court noted that Higgs was "a 26 year old male making his eighth appearance before the court for sentencing on a criminal matter, and [h]e had four misdemeanors which contributed no points toward the criminal history calculation, and someone who has spent a substantial portion of his, young adult life, in custody and has embroiled himself in a drug conspiracy within a year of release from state custody for distribution of cocaine . . . ." App. at 43. The Court also noted that Higgs' "employment history was virtually nonexistent, despite having graduated from high school." App. at 43. The Court stated, "[h]e seems to have gotten a substantial amount of money from drug dealing. His criminal record is significant, and his drug dealings are significant as well." App. at 43-44. The Court concluded that, "considering all of the factors set forth in the pre-sentence report and all of those enumerated in the purposes of sentencing," the pronounced sentence of 13 years was "reasonable, in light of the Supreme Court's determination." App. at 44. On January 25, 2005, the District Court entered its order denying Higgs' motion to reduce his sentence, leaving his 156-month prison term intact.

3

In a letter dated February 3, 2005, counsel for Higgs informed the District Court that Higgs had "heard of [the District Court's] denial of his motion for reduction of sentence, and he immediately expressed a desire to appeal." App. at 2. The District Court received Higgs' hand-written notice of appeal on April 29, 2005. On January 26, 2006, we remanded Higgs' appeal to the District Court to determine whether counsel's letter, which was not filed until February 8, 2006, should be construed as a notice of appeal. The District Court granted Higgs' motion "for leave to appeal the Court's order denying his motion for reconsideration of sentence <u>nunc pro tunc</u> . . . to February 5, 2005." App. at 1.

## II.

Higgs argues on appeal that the District Court erred in entertaining and ruling upon his Rule 35(a) motion outside of his presence and without giving him an opportunity to file a brief. We have jurisdiction over this appeal pursuant to both 28 U.S.C. § 1291, which provides for review of final decisions of the district courts, and 18 U.S.C. § 3742(a)(1), which provides for review of final sentences allegedly imposed in violation of the law.

Rule 35(a) requires that any correction for "clear error" be made "[w]ithin 7 days after sentencing," with sentencing defined by Rule 35(c) as "the oral announcement of the sentence" (and not the entry of judgment). Following briefing in this action, we asked the parties to advise this court of their views as to whether the time limitations in Rule 35(a) are jurisdictional. As the parties have recognized, the District Court's disposition of the Rule 35(a) motion was not timely, because it occurred beyond the seven-day time limit for action imposed by Rule 35(a).

We recognize that the consequences of following this rule seem to be harsh. After all, counsel filed the Rule 35(a) motion within seven days of the sentencing hearing, the time limit set forth in the Rule. However, the seven-day limit in the Rule does not apply to counsel's motion. It is expressly in terms of the District Court's action. A review of the Advisory Committee's

4

notes shows that this was deliberate. The Advisory Committee noted that the "stringent time requirement" of seven days was shorter than the time for appealing the sentence so that if the court did in fact correct the sentence within the seven days, the defendant could still timely appeal the sentence if s/he so desired. Fed. R. Crim. P. 35 advisory committee's note. The strict application of Rule 35 is reinforced by Rule 45, which provides that "[t]he court may not extend the time to take any action under Rule 35, except as stated in that rule." Fed. R. Crim. P. 45(b)(2). Indeed, the Sentencing Reform Act provides that "[t]he court may not modify a term of imprisonment once it is imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted . . . by Rule 35 of the Federal Rules of Criminal Procedure . . . ." 18 U.S.C. § 3582(c).

In order to decide whether we have any latitude with respect to application of Rule 35's seven-day time limit, we must consider whether the seven-day period is jurisdictional. In United States v. Addonizio, 442 U.S. 178 (1979), the Supreme Court held that prisoners could not bring a collateral attack under 28 U.S.C. § 2255 on the ground that a postsentencing change in the policies of the United States Parole Commission prolonged their actual imprisonment beyond that intended by the sentencing judge. The Court recognized that Rule 35 authorized the trial court to reduce a sentence but it noted that the Rule (referring to prior Rule 35(b), see infra p. 6-7) included a time limit of 120 days after sentence was imposed or after it was affirmed on appeal. Id. at 189. The Court added, significantly for our purposes, "[t]he time period . . . is jurisdictional and may not be extended." Id. at 189 & n.17 (citing Fed. R. Crim. P. 45(b)).

### III.

We turn to examine the history and purposes of Rule 35, as they are relevant to our determination whether Rule 35(a)'s seven-day time limit is jurisdictional. Rule 35 has been amended several times from 1979 until the present. In its original form, Rule 35 had three distinct components: (1) it delineated a

5

procedure to correct an "illegal" sentence;[1] (2) it provided a remedy to correct an "illegally imposed" sentence;[2] and (3) it authorized the court to reduce a lawfully imposed sentence, "if, on further reflection, the court believed that it had been unduly harsh." 3 Charles Alan Wright, Nancy J. King & Susan R. Klein, Federal Practice and Procedure (Criminal) § 581, at 626 (3d ed. 2004). Under that "original" Rule 35, an illegal sentence could be corrected at any time, whereas a sentence imposed in an illegal manner had to be corrected within 120 days. See id. at 624 n.1.[3]

Specifically, "original" Rule 35 contained two sub-sections. Subsection (a) provided that a court could correct an "illegal sentence" at any time and could correct a "sentence imposed in an illegal manner" within the period of time provided in subsection (b), that is, 120 days. See id. at 625 n.4. Subsection (b) provided in principal part that either party could make a motion, or the court could act on its own, to reduce the sentence imposed, as long as it did so within 120 days of sentencing. See id. at 625 n.4.

It was this "original" form of Rule 35 which the Supreme Court analyzed in Addonizio, referred to above. More specifically, the Court analyzed Rule 35(b), although it is important to realize that at the time Addonizio was decided, subsection (b) provided much broader relief than it does today

---

[1] "Illegal sentences" included those that were "in excess of the statutory maximum or otherwise unauthorized by statute, sentences that did not conform to the oral pronouncement of sentence, or sentences that were ambiguous with respect to the time and manner of service." 3 Charles Alan Wright, Nancy J. King & Susan R. Klein, Federal Practice and Procedure (Criminal) § 582, at 628-32 (3d ed. 2004).

[2] An "illegally imposed sentence" was one in which a defendant could raise a claim of error in the sentencing process. 3 Wright, King & Klein, supra, § 585, at 637.

[3] The 120-day provision was established in 1966. Prior to that, a sentence had to be corrected within 60 days. See 3 Wright, King & Klein, supra, at 624 n.1.

because it did not require the government to make a motion to reduce the sentence. Thus, the analysis in Addonizio is still relevant to our inquiry because at the time it was decided, subsection (b) addressed more broadly the district court's power to change a sentence after it was imposed. See 3 Wright, King & Klein, supra, § 581, at 626-27.

Coinciding with the enactment of the Sentencing Reform Act and adoption of the United States Sentencing Guidelines, Rule 35 was rewritten, effective November 1, 1987. See id. § 581, at 627. Subsection (a), which had provided that an illegal sentence could be corrected at any time and an illegally imposed sentenced could be corrected within 120 days of sentencing, was amended to provide that "'[t]he court shall correct a sentence that is determined on appeal under 18 U.S.C. 3742 to have been imposed in violation of law . . . upon remand of the case to the court . . . .'" See United States v. Rico, 902 F.2d 1065, 1067 (2d Cir. 1990) (quoting Rule 35(a) as amended in 1987). Subsection (b) was also changed in 1987 to provide that a sentence could be reduced only upon a government motion made within one year of sentencing, or, under a 1991 amendment to Rule 35, later than one year after sentencing if certain requirements were met. See 3 Wright, King & Klein, supra, § 585.1, at 639-46.

For several years following the 1987 amendments, there was a period of confusion among courts regarding whether the time limitations and other restrictions that had been added to the Rule were jurisdictional, that is, whether those limitations now restricted courts from correcting illegal sentences at any time.[4] Although the Rule itself imposed limitations, some courts continued to hold that district courts could correct illegal sentences at any time, and thus did not consider those limitations to be jurisdictional. See Rico, 902 F.2d at 1069 (holding that "the district court has inherent power to correct a mistaken

---

[4] The distinction between an "illegal" sentence and an "illegally imposed" sentence lost importance after the 1987 amendments, as defendants lost the ability to seek correction of an illegally imposed sentence under Rule 35. See Wright, King & Klein, supra, § 585, at 638-39; see also Rico, 902 F.2d at 1067.

7

sentence within the time fixed for filing an appeal, where the parties had agreed to a different sentence and the court otherwise intended to abide by the agreement"); United States v. Cook, 890 F.2d 672, 675 (4th Cir. 1989) (holding that a district court maintains power to correct an "acknowledged and obvious mistake"). See also 3 Wright, King & Klein, supra, § 585.2, at 646.

The Advisory Committee notes explain that a new provision, previously non-existent subsection (c), was added to Rule 35 in 1991 to address that problem.[5] According to a note of the Advisory Committee, "Subdivision (c) [wa]s intended to adopt, in part, a suggestion from the Federal Courts Study Committee 1990 that Rule 35 be amended to recognize explicitly the ability of the sentencing court to correct a sentence imposed as a result of an obvious arithmetical, technical or other clear error, if the error is discovered shortly after the sentence is imposed." Fed. R. Crim. P. 35 advisory committee's note. The note states that the purpose of subsection (c) was to "codif[y] the result in [Rico and Cook]" but to provide "a more stringent time requirement." Id.; see also 3 Wright, King & Klein, supra, § 581, at 628 (explaining that subsection (c) was a "very narrow provision"). In other words, subsection (c) reinforced that a district court has authority to correct a sentence, but that authority is limited.

The purposes of the Rule's temporal limitation are particularly relevant to our discussion. Importantly, "[t]he Committee believed that the time for correcting such errors should be narrowed within the time for appealing the sentence to

---

[5] Subsection (c) as added in 1991 is substantively the same text as that now contained in subsection (a), which is the focus of our discussion. In 2002, Rule 35 was amended again. Although the text contained in subsection (c) was not substantively changed, it was moved to subsection (a), when the previous subsection (a) was deleted. See Wright, King & Klein, supra, § 581, at 628. Thus, when we discuss the history of subsection (c) throughout our analysis, we are referring to the statutory text at issue in this appeal.

8

reduce the likelihood of jurisdictional questions in the event of an appeal and to provide the parties with an opportunity to address the court's correction of the sentence, or lack thereof, in any appeal of the sentence."[6] Fed. R. Crim. P. 35 advisory committee's note; see also 3 Wright, King & Klein, supra, § 585.2, at 649 n.5 (explaining why, under the Rule, the district court must act within seven days). Indeed, the note states that, in drafting subsection (c), the Committee expressly contemplated that the district court "would enter an order correcting the sentence and that such order must be entered within the seven (7) day period so that the appellate process . . . may proceed without delay and without jurisdictional confusion." Fed. R. Crim. P. 35 advisory committee's note (emphasis added). The purpose of the seven-day time limit strongly suggests that the Committee intended the time limit to be jurisdictional, because the very purpose of choosing a period of time less than the time for filing an appeal was to avoid jurisdictional conflicts between the district and appellate courts. In addition, the note explains, "A shorter period of time would also reduce the likelihood of abuse of the rule by limiting its application to acknowledged and obvious errors in sentencing." Id.

After the addition of subsection (c), Rule 35 provided only three ways that a district court could change a sentence after it had been imposed: (1) after appeal and remand (Subsection (a)); (2) after a motion by the government to reduce a sentence due to a defendant's substantial assistance (Subsection (b)); and (3) to correct a clear error, but only within seven days of sentencing (Subsection (c)). Subsection (c) was the only subsection that gave the district court discretion, absent a government motion or an appeal and remand, to correct the sentence. Thus, "[t]he authority to correct a sentence under

_____

[6] Pursuant to Rule 4(b)(1) of the Federal Rule of Appellate Procedure, a defendant must file a notice of appeal in the district court within ten days of the entry of judgment or the government's filing of a notice of appeal, whichever is later. Fed. R. App. P. 4(b)(1)(A). When the government is entitled to appeal, it has thirty days from the later of the entry of judgment or the defendant's filing of a notice of appeal. Fed. R. App. P. 4(b)(1)(B).

[that] subdivision [wa]s intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence . . . ." Fed. R. Crim. P. 35 advisory committee's note. The Advisory Committee's note explicitly cautions that subsection (c) was not intended to be used as a method for reopening issues already decided, or to address questions related to the district court's discretion in applying the Sentencing Guidelines. Id.; see also 3 Wright, King & Klein, supra, § 582, at 632 (explaining that Rule 35 is "not a means of collateral attack").

The Advisory Committee note explains that the addition of subsection (c) to Rule 35 was not meant to revitalize former subsection (a) which had granted district courts broad discretion to correct an "illegal sentence," but neither was it intended to prevent a defendant from seeking relief from the imposition of an "illegal sentence." Rather, the drafters intended that, if a defendant wanted to seek relief from a "plainly illegal sentence" and the seven-day period provided for in Rule 35 had elapsed, the defendant would seek relief under 28 U.S.C. § 2255. Fed. R. Crim. P. 35 advisory committee's note; see also 3 Wright, King & Klein, supra, § 583, at 634.

In 2002, then-existing subsection (a), which provided that the district court could correct a sentence after an appeal and remand, was deleted because it was redundant in light of 18 U.S.C. § 3742. See 3 Wright, King & Klein, supra, § 581, at 626 n.9. Subsection (c) was then relocated to subsection (a), which is the version of the Rule at issue in our discussion.

With this deeper understanding of the purpose and history of Rule 35 in mind, we turn now to examine the decisions of the Courts of Appeals interpreting Rule 35 following its amendments in both 1987, which significantly changed subsection (b), and in 1991, which added subsection (c) – that is – the text providing that a court may correct a sentence if it acts within seven days of sentencing. From 1991 until the present, ten other Courts of Appeals have held that Rule 35(a)'s seven-

10

day time limit is jurisdictional.[7] See, e.g., United States v. Penna, 319 F.3d 509, 510-12 (9th Cir. 2003) (holding that a district court loses jurisdiction to act under Rule 35 after the seven-day time limitation expires); United States v. Austin, 217 F.3d 595, 597 (8th Cir. 2000) (deciding that a district court had no jurisdiction to alter sentence after the seven-day time limit had expired); United States v. Werber, 51 F.3d 342, 348-49 (2d Cir. 1995) (rejecting appellees' argument that district court had "inherent authority" to correct sentence at any time, explaining that the 1991 amendments to Rule 35 imposed an absolute seven-day time limit); United States v. Fahm, 13 F.3d 447, 453-54 (1st Cir. 1994) (deciding that Rule 35(c)'s seven-day time limit is jurisdictional and holding that the district court did not have inherent authority to correct a sentence after the expiration of that period).

The Court of Appeals for the Fourth Circuit's decision in United States v. Shank, 395 F.3d 466 (4th Cir. 2005), is instructive. In Shank, the defendant had filed a motion to correct his sentence under former Rule 35(c), now Rule 35(a), within seven days of sentencing. Id. at 468. The district court failed to act on the motion within the seven days, but denied the motion several months later. Shank appealed, arguing that "if a defendant timely invokes Rule 35 (i.e., within seven days), the district court is vested with jurisdiction to dispose of that motion, regardless of how long it takes the court to do so." Id. (internal citations omitted). The Court of Appeals rejected that argument, holding that Rule 35(a) "divests a district court of jurisdiction to correct sentencing errors more than seven days after sentencing." Id. In reaching that conclusion, the court relied heavily upon its analysis of the history and purposes of Rule 35, and, in particular, the Advisory Committee note explaining that the purpose of the seven-day rule was to allow the appellate process

_____

[7] For the sake of clarity, we note that with respect to those cases decided before 2002, when the relevant statutory text was moved from subsection (c) to subsection (a), the cases refer to the seven-day provision as being located in subsection (c) because that is where it was located at the time. The text itself is substantively the same.

to proceed without jurisdictional confusion.  Id. at 469.  The court reasoned that because the time for filing an appeal expires after ten days following sentencing, the seven-day period for correcting a sentence "must lapse after seven days."  Id.

This court has also held that the time limitations proscribed by Rule 35 are jurisdictional, albeit as applied to a prior version of Rule 35(b) rather than the provision at issue here.  In United States v. Friedland, 83 F.3d 1531, 1538 (3d Cir. 1996), defendant Friedland made a motion for a reduction of sentence under Rule 35(b).  Because Friedland committed his offense before the 1987 amendments took effect, the prior version of Rule 35(b), which allowed a defendant to make a motion for reduction of sentence within 120 days of sentencing, applied.  Id.  Friedland made the motion, but he did not do so within the 120 days.  We recognized, citing Addonizio, that the 120-day limit is jurisdictional and could not be extended.  Id. Friedland's motion, therefore, was untimely.

Moreover, in United States v. Idone, 38 F.3d 693, 698 (3d Cir. 1994), we held, over appellant's objection, that the 1987 amendments to Rule 35(b) did not delete its jurisdictional requirement.  We explained that the failure of a district court to act within the requisite time was jurisdictional.  Id.

Thus, having examined the plain language of Rule 35(a) and its interplay with both Rule 45 and Rule 4 of the Federal Rules of Appellate Procedure, the history and purposes of Rule 35, the conceptual underpinnings of Addonizio, and the various Court of Appeals decisions interpreting either former Rule 35(c) or current Rule 35(a), we conclude that each of those bases counsels in favor of holding that the seven-day time requirement of Rule 35(a) is jurisdictional.

## IV.

The unanimity in strict enforcement of the seven-day time requirement in Rule 35(a) of an order correcting a sentence must be contrasted with the Supreme Court's decision in Eberhart v United States, 546 U.S. 12 (2005), which arose under Rule 33 of the Federal Rules of Criminal Procedure.  Under Rule 33(a),

12

(a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

The time to file a motion for new trial is governed by Rule 33(b) which provides:

(b) Time to File.
(1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
(2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty.

In Eberhart, the Supreme Court analogized the time limitation of Rules 33(a) and 45(b)(2), the Rule governing motions for new trial, to the time limitations of Federal Rules of Bankruptcy Procedure 4004 and 9006 which it had held, in Kontrick v. Ryan, 540 U.S. 443, 456 (2004), are claims-processing rules that can be forfeited under certain circumstances but are not jurisdictional. 546 U.S. at 15-16. The Court in Eberhart explained that because the particular time limitation of Rule 33 is a claims-processing rule meant to bring a definite end to judicial proceedings, that limitation, although inflexible, is not jurisdictional. Id. at 19.

Following Eberhart, the Supreme Court clarified the distinction between claims-processing rules and jurisdictional rules. In Bowles v. Russell, ___ U.S. ___, 127 S. Ct. 2360 (2007), the Court held that if a time limitation is set forth in a statute, it is jurisdictional. "Jurisdictional treatment of statutory time limits makes good sense" because it gives proper weight to Congressional intent to decide what cases federal courts have jurisdiction to consider. Id. at 2365. "Because only Congress may determine a lower federal court's subject-matter

13

jurisdiction," the critical inquiry in determining whether a particular timing rule is jurisdictional is whether it is set forth in a statute.  Id. at 2364 (internal citations omitted).

After the Eberhart decision, the Court of Appeals for the Seventh Circuit held that the time limitation of Rule 35 is jurisdictional, principally because 18 U.S.C. § 3582 limits the substantive authority of the district courts.  See United States v. Smith, 438 F.3d 796, 799 (7th Cir. 2006).  Because section 3582 sets forth a statutory basis for limiting the district courts' jurisdiction, the Seventh Circuit concluded that the timing requirement of Rule 35 is jurisdictional.  Id.  The court's reasoning in Smith comports with the Supreme Court's decision in Bowles.  We agree that Rule 35's time limitation derives from the limitation set forth by statute, 18 U.S.C. § 3582(c).  Cf. Bowles, 127 S. Ct. at 2365 (recognizing that the time limit in Supreme Court Rule 13.1 derives from 28 U.S.C. § 2101(c)).  Therefore, we hold that the seven-day time requirement set forth in Rule 35(a) is jurisdictional.  As a result, the District Court was without jurisdiction to enter its January 24, 2005 order denying Higgs' motion for reduction of sentence.

Higgs argues that remand is required in light of United States v. Davis, 407 F.3d 162 (3d Cir. 2005) (en banc).  Because Higgs did not directly appeal the entry of judgment, but instead appealed the order denying his motion under Rule 35(a), we will not remand for resentencing.  The District Court's judgment and sentence remain intact, notwithstanding our vacatur of the January 24 order.[8]

For the reasons set forth, we will vacate the order dated January 24, 2005, and dismiss the appeal.

_____

[8]We note that our decision leaves open the question whether Higgs' counsel's decision to file a Rule 35 motion, rather than directly appealing Higgs' sentence, gives rise to a valid ineffective assistance of counsel claim under 18 U.S.C. § 2255.  We do not decide that issue, which is not before us.

14