

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-18-2009

# USA v. James Leinenbach

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3661

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. James Leinenbach" (2009). *2009 Decisions.* Paper 1856.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1856

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-98                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3661
_____

UNITED STATES OF AMERICA

v.

JAMES FRANCIS LEINENBACH,

                                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 93-00280)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 5, 2009

Before:  SLOVITER, FUENTES AND JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 18, 2009)
_____

OPINION
_____

PER CURIAM

        James Leinenbach, a prisoner proceeding <u>pro se</u>, appeals the District Court's

1

denial of his "Motion to Correct an Illegal Sentence," filed pursuant to Federal Rule of Criminal Procedure 35(a). Because the appeal does not present a substantial question, we will summarily affirm. See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.

Leinenbach was convicted in 1994 of conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846; distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).[1] He received a sentence of 108 months on each count, to be served consecutively for a total of 324 months. This sentence is based on a base offense level of 36 under the Federal Sentencing Guidelines, increased by the District Court to level 38 because of Leinenbach's leadership role in the offense.

Leinenbach's conviction precedes a lengthy procedural history. In 1994, Leinenbach filed a direct appeal; we affirmed. See C.A. No. 94-2157. He filed his first motion pursuant to 28 U.S.C. § 2255 in 1997. That motion was denied and we declined to issue a certificate of appealability. See C.A. No. 02-3693. In April 2003, Leinenbach filed an unsuccessful motion to modify his sentence, pursuant to 18 U.S.C. § 3582. He then filed a 28 U.S.C. § 2241 petition in the United States District Court for the Middle District of Pennsylvania. That court dismissed the § 2241 motion, and we summarily affirmed. See C.A. No. 05-3224. In January and February 2006, Leinenbach filed two

---

[1]The conspiracy occurred from the Fall of 1986 until at least June of 1988. The other crimes took place in 1988.

new § 2255 motions; the District Court dismissed the first one as improperly filed and dismissed the second for lack of jurisdiction. In May 2006, Leinenbach sought relief under Federal Rule of Civil Procedure 60(b). The District Court denied that motion, and we declined to issue a certificate of appealability. See C.A. No. 07-1212.

Most recently, in March 2008, Leinenbach filed a Rule 35(a) motion to correct his sentence, which the District Court denied under the present version of the Rule without a substantial analysis. Leinenbach contends that a prior version of the Rule, applicable to cases in which the underlying offenses were committed prior to November 1, 1987, applies to his case. The prior, or "original," version of the statute reads: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." Fed. R. Crim. P. 35(a), amended by Pub. L. 98-473 ("Original Rule 35(a)"). However, the conspiracy of which Leinenbach was convicted occurred between the Fall of 1986 until at least June of 1988, thus straddling the effective date of the rule in place at the time of his sentencing. As such, the version of the statute in force when Leinenbach was sentenced may govern instead.[2]

_____

[2]Rule 35 has been amended several times since it was amended by Pub. L. 98-473. When Leinenbach was sentenced in 1994, Rule 35(a) read: "The court shall correct a sentence that is determined on appeal under 18 U.S.C. [§] 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be unreasonable . . .." Fed. R. Crim. P. 35(a), as amended by Pub. L. 98-473 ("1994 Rule"). The 1994 Rule also contained a provision at subdivision (c), added in 1991, which was substantively the same as the text of current Rule 35(a).

3

We have never addressed whether "Original Rule 35" or the version in effect at the time of sentencing governs a conspiracy initiated before November 1, 1987, but ending thereafter.[3]  At least one other Circuit has held that in such a case, the later version of the Rule applies.  See United States v. Rivera, 376 F.3d 86, 92 (2d Cir. 2004).  We need not decide at this time which version applies to a "straddling" conspiracy because, for the reasons discussed below, Leinenbach cannot prevail in either case.

While Leinenbach's argument is not entirely clear, the thrust seems to be that the District Court improperly imposed consecutive mandatory minimum sentences.  To the extent that Leinenbach raises an illegal sentence claim under the "original" version of Rule 35(a), his argument mischaracterizes the District Court's application of the sentencing guidelines.  Based upon his offense level and criminal history, Leinenbach was subject to a sentencing range of between 324 and 405 months in prison.  There is no indication that the District Court imposed the 108-month conspiracy sentence under a "mandatory minimum" framework, and consecutive sentences in this context are valid.  See United States v. Chorin, 322 F.3d 274, 278 (3d Cir. 2003).  Indeed, he received the most lenient sentence available under the Sentencing Guidelines.  For the same reason,

---

See United States v. Higgs, 504 F.3d 456, 461 n.5 (3d Cir. 2007).  Under current Rule 35(a), "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).

[3]District courts within this circuit have identified the issue without affirmatively resolving the question.  See, e.g., Telesford v. United States, 2004 WL 724959, *3 (D. Del. 2004).

4

Leinenbach cannot prevail under subdivision (a) of the 1994 Rule.

To the extent that Leinenbach's claim suggests that his sentence was imposed in an illegal manner under Original Rule 35, his motion was not timely filed.[4]  Inasmuch as the 1994 version of Rule 35 applies, Leinenbach's motion is also untimely under subdivision (c).

Accordingly, we will summarily affirm the judgment of the District Court.

---

[4]Under Original Rule 35(a), a court may only correct a sentence "imposed in an illegal manner" within the time provided for a reduction of sentence.  Fed. R. Crim. P. 35(a), amended by Pub. L. 98-473, 2 U.S.C. § 215(b).  Such a motion must be filed within 120 days of sentence or dismissal of the direct appeal.  See Fed. R. Crim. P. 35(b), amended by Pub. L. 98-473, 2 U.S.C. § 215(b).  The latter of these two dates occurred in 1995.