

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-23-2009

# USA v. Leon Salb

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3678

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Leon Salb" (2009). *2009 Decisions.* Paper 1709.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1709

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-118                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3678
_____

UNITED STATES OF AMERICA

v.

LEON SALB,
                          Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 91-cr-00003)
District Judge:  Honorable Maurice B. Cohill, Jr.

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 26, 2009
Before:  SLOVITER, FUENTES AND JORDAN, Circuit Judges

(filed: March 23, 2009 )
_____

OPINION
_____

PER CURIAM

Appellant Leon Salb, proceeding pro se, appeals from the District Court's denial

of his motion to correct his sentence.  For the reasons that follow, we will summarily

affirm the judgment of the District Court.

On August 27, 1992, Salb was convicted of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846(9). His conviction was based on conduct occurring between 1978 and August 1988. He was sentenced by the United States District Court for the Western District of Pennsylvania to 365 months' imprisonment, to be followed by a 5-year term of supervised release. His conviction and sentence were affirmed on appeal. See C.A. No. 92-3179 (3d Cir. Feb. 2, 1993). Following numerous unsuccessful 28 U.S.C. § 2255 and other post-conviction motions, on January 11, 2008, Salb filed a motion in the District Court entitled "Petitioner's (Old Law) Rule 35(a) Motion to Correct Illegal Sentence." In it, he claimed that he was sentenced under an amended section of the Anti-Drug Abuse Act which went into effect on November 18, 1988. Because the amendments took effect after the end date of the conspiracy, he alleged that his sentence was illegal and amounted to an ex post facto violation.

Appellant relied on a former version of Federal Rule of Criminal Procedure 35(a), which provided: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." The District Court held that the version of the rule relied on by Appellant applies only when all conduct related to the conspiracy occurred prior to November 1, 1987, when the rule was again amended. Because Appellant was convicted of engaging in a conspiracy spanning from 1978 until August 1988, the Court held that Appellant could not take advantage of that version of the rule and instead applied the standard

provided in current Rule 35(a): "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Because Appellant clearly missed the seven-day time period, the District Court held that it lacked jurisdiction to adjudicate Appellant's motion. See United States v. Higgs, 504 F.3d 456, 464 (3d Cir. 2007). In the alternative, the District Court held that Appellant's underlying claim was without merit. Appellant appealed and filed an informal brief. In response, the Government filed a motion for summary affirmance.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. The District Court concluded that Appellant could not avail himself of former Rule 35(a), because the rule was amended during the pendency of the conspiracy, and that it lacked jurisdiction to adjudicate his motion under the current version of Rule 35(a). We have never addressed the question of which version of Rule 35 governs a conspiracy initiated before November 1, 1987, but ending thereafter. At least one other Circuit has held that in such a case, the version of the rule in effect at the time of sentencing applies. See United States v. Rivera, 376 F.3d 86, 92 (2d Cir. 2004). We need not decide at this time which version applies to a "straddling" conspiracy because Appellant's underlying claim has been previously determined by this Court to be without merit. In a 28 U.S.C. § 2255 motion filed by Appellant in January 1994, he raised this same claim. His motion was denied by the District Court and, in a memorandum opinion, this Court affirmed, concluding that Salb's sentencing argument was "of little moment because it is clear that he was sentenced under the Sentencing Guidelines and not under the penalty provisions of § 841(b)(1)(A)." See

C.A. No. 94-3405 (3d Cir. July 13, 1994). Appellant may not use a Rule 35 motion as a means of relitigating a claim previously raised before and decided by this Court.

Based on the foregoing, we conclude that this appeal presents no "substantial question," and will summarily affirm the judgment of the District Court. <u>See</u> 3d Cir. LAR 27.4 & I.O.P. 10.6.