### In re: Deborah MORRIS, Petitioner.

#### No. 09–2308.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P. July 30, 2009.

Opinion filed Sept. 16, 2009.

Deborah Morris, Alderson, WV, pro se.

Anthony G. Kyriakakis, Esq., Manisha M. Sheth, Esq., Office of United States Attorney, Philadelphia, PA, for Plaintiff–Respondent.

Before: McKEE, FISHER and CHAGARES, Circuit Judges.

## OPINION

PER CURIAM.

Deborah Morris filed this pro se petition for a writ of mandamus pursuant to 28 U.S.C. § 1651 seeking an order compelling the District Court to modify her sentence of imprisonment to home confinement. For the reasons that follow, we will deny the petition.

Morris is currently serving a 60–month sentence of imprisonment at the Alderson Federal Prison Camp in West Virginia for multiple fraud convictions arising from a scheme in which she obtained reimbursements from the Medicare program for clinical services never performed. The United States District Court for the Eastern District of Pennsylvania imposed the sentence in 2007. Morris' counseled, direct appeal of her conviction and sentence is currently pending before this Court (C.A. No. 07–4258).

In August 2008, Morris filed a motion asking the District Court to suspend her sentence of imprisonment and modify it to home confinement. She claimed she was receiving inadequate medical care for numbness, dizziness, and leg weakness and that the Federal Bureau of Prisons would "seek retaliatory measures" against her by moving her to a medical facility distant from her family and counsel. The District Court denied the motion. About six months later, in March 2009, Morris filed a second motion seeking home confinement on the basis that it would enable her both to receive the medical care she wants and to work so that she could begin paying the restitution portion of her sentence. The District Court denied this motion on March 23, 2009, 2009 WL 789681, on the basis that it lacked jurisdiction to modify her sentence, whose implementation is now under the authority and discretion of the Bureau of Prisons. Morris filed her petition for a writ of mandamus with this Court on May 13, 2009.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that she has a "clear and indisputable" right to the issuance of the writ and that she has "no other adequate means" to obtain the relief desired. *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir.1996).

Morris seeks to compel the District Court to modify her sentence, which was imposed almost two years ago. Once a term of imprisonment has been imposed, a district court has the authority to modify it only in limited circumstances. Under 18 U.S.C. § 3582(c), those circumstances are: (1) when the Director of the Bureau of

Prisons moves for a reduction in the term of imprisonment on the basis of what is sometimes called the "compassionate relief" provisions; (2) when Federal Rule of Criminal Procedure 35 permits such modification; or (3) when the sentencing range under which a defendant was sentenced has subsequently been lowered by the Sentencing Commission. None of these circumstances are present in this case. The Director of the Bureau of Prisons has not moved for a reduction in Morris' term of confinement and Morris does not seek a reduction based on a change in the Sentencing Guidelines. Finally, Rule 35 provides no authority for the District Court to grant Morris' request to modify her sentence because more than seven days have passed since sentencing. *See United States v. Higgs*, 504 F.3d 456, 463 (3d Cir.2007) (holding that the seven-day time requirement in Rule 35(a) is jurisdictional).

Once a sentence is imposed, the Bureau of Prisons is responsible for implementing it, including the designation of the place of imprisonment. *See* 18 U.S.C. §§ 3586, 3621(b). The Bureau has in place an administrative remedy program, as well as procedures for requesting compassionate release and criteria for home confinement. *See* 28 C.F.R. §§ 542.10 et seq., 571.60 et seq.; U.S. Dep't. of Justice, Fed. Bureau of Prisons, Program Statement 7320.01: Home Confinement (1995). Morris apparently believes that this system is inadequate, although it does not appear from her filings before this Court and the District Court that she has requested home confinement from the Bureau of Prisons.[1] Furthermore, her mere belief does not alter the fact that the District Court lacks authority to modify her sentence or that other avenues for redress exist. Because Morris has not shown a clear and indisput-

able right to issuance of the relief she seeks, we will deny her petition for a writ of mandamus.

---

1. The administrative remedy request forms Morris attached to her first motion to modify her sentence show that she asked only "to be seen by a neurologist locally or by my private neurologist."