HLD-112 (April 2010)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1128
_____

UNITED STATES OF AMERICA

v.

DARRYL L. FRANKLIN,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No.2-99-cr-00238-1)
District Judge:  Honorable Lawrence F. Stengel

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2010
Before: SCIRICA, WEIS and GARTH, Circuit Judges

(filed: May 24, 2010)
_____

OPINION
_____

PER CURIAM.

        Appellant Darryl Franklin, a federal prisoner proceeding pro se, appeals an

order of the District Court denying his motion to correct his sentence.  For the reasons

that follow, we conclude that the District Court lacked jurisdiction to consider Franklin's

1

motion. Therefore, we will vacate the District Court's order.

Franklin was convicted of violating the Hobbs Act, 18 U.S.C. § 1951, and related offenses, and received a 205-month sentence. In November 2000, we affirmed the sentence and conviction. See United States v. Franklin, 248 F.3d 1131 (3d Cir. 2000) (table). Between 2002 and 2008, Franklin filed various unsuccessful motions under Federal Rules of Civil Procedure 59 and 60, and 28 U.S.C. § 2255.

More recently, Franklin filed a "motion for correction of illegal sentence" under Federal Rule of Criminal Procedure 35(a). The District Court denied Franklin's motion, reasoning that it was both untimely and without merit. Franklin filed a timely notice of appeal.[1]

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). We have "an obligation to inquire sua sponte into [our] own jurisdiction and, necessarily, into the jurisdiction of the District Court to enter the order on appeal." United States v. Higgs, 504 F.3d 456, 457 (3d Cir. 2007).

Under the version of Rule 35(a) in force when Franklin filed his motion, a motion to correct or reduce a sentence was due within seven days of sentencing.[2] In

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.

[2] The subsequent version of the Rule, which went into effect before the District Court denied Franklin's motion, increased the filing period to 14 days.

<u>Higgs</u>, we concluded that the seven-day time limit in Rule 35 was jurisdictional.  <u>See</u> 504 F.3d at 464 (citing <u>Bowles v. Russell</u>, 551 U.S. 205 (2007)).  In this case, Franklin was sentenced in February 2000 and filed his Rule 35 motion in November 2009.  The District Court clearly lacked jurisdiction to entertain his motion and should have dismissed it. The appeal is hereby denied.