HLD-051 (November 2010)                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2928
_____

UNITED STATES OF AMERICA,

v.

NATHANIEL COLEMAN,
a/k/a BOO TEE COLEMAN

Nathaniel Coleman,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-85-cr-00195-001)
District Judge:  Honorable John P. Fullam
_____

Submitted for Possible Dismissal due to a Jurisdictional Defect
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 30, 2010

Before:  MCKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges

(Opinion filed: March 8, 2011)
_____

OPINION
_____

PER CURIAM.

Nathaniel Coleman, a prisoner at the Federal Correctional Institution

1

("FCI") Allenwood, appeals <u>pro</u> <u>se</u> from an order denying his motion for sentence reduction. Because no substantial question is presented by this appeal, we will summarily affirm the order of the District Court. <u>See</u> 3d Cir. LAR 27.4; I.O.P 10.6.

As the parties are familiar with the background of this case, we will only summarize those facts relevant to the disposition of this appeal. In December 1985, Coleman was convicted of conspiracy to murder a federal witness, in violation of 18 U.S.C. § 241, and obstructing justice, in violation of 18 U.S.C. § 1503. He was sentenced on August 5, 1987 to life imprisonment, and his judgment of sentence was affirmed on December 1, 1988.

On March 29, 2003, Coleman performed the Heimlich maneuver on a young girl visiting FCI Allenwood who was choking on a piece of food. As a result of this heroic act and because he has had no disciplinary infractions since his commitment to the Bureau of Prisons, on February 23, 2009, the FCI Unit Manager recommended to the Warden that Coleman be awarded a 30-day lump sum award of extra good time. On September 22, 2009, Coleman filed a motion requesting that the District Court reduce his sentence because he saved the young girl's life. By order entered May 27, 2010, the District Court commended Coleman's actions, but denied his motion because the relevant Federal Rule of Criminal Procedure authorizes a district court to reduce a sentence only within 120 days after the sentence has been imposed or affirmed on appeal. Coleman

2

appeals.[1]

The District Court granted Coleman's motion for extension of time to appeal; therefore, his appeal was timely. See Fed. R. App. P. 4(b). We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's legal conclusions. United States v. Friedland, 83 F.3d 1531, 1538 n.4 (3d Cir. 1996).

The District Court properly concluded that it could not reduce Coleman's sentence under former Rule 35(b) of the Federal Rules of Criminal Procedure.[2] Former Rule 35(b) authorized "district courts to reduce a sentence within 120 days after it is imposed or after it has been affirmed on appeal."[3] United States v. Addonizio, 442 U.S. 178, 189 (1979). Coleman's motion was filed more than twenty years after his sentence was affirmed on appeal.

Accordingly, we will affirm the District Court's order denying Coleman's motion for reduction of sentence.

---

[1] The District Court entered three orders on May 27, 2010. Coleman's notice of appeal specifies he is appealing the order that denied his motion for sentence reduction.

[2] The former Rule applies here because Coleman committed the offenses of which he was convicted before November 1, 1987.

[3] The former Rule 35(b) provided broader relief than is available today under Rule 35. The current rule requires that the Government make a motion to reduce a sentence. United States v. Higgs, 504 F.3d 456, 460 (3d Cir. 2007).