BLD-012                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3180
_____

UNITED STATES OF AMERICA

v.

BENJAMIN SMITH,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 02-cr-00308-001)
District Judge:  Honorable Stewart Dalzell
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 14, 2011
Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Filed:  October 24, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

     Benjamin Smith appeals pro se from the District Court's order denying what it

construed as his motion under Rule 35(a) of the Federal Rules of Criminal Procedure to

correct his sentence.  We will affirm.

In 2003, the District Court sentenced Smith to 120 months in prison following his conviction for possession of a firearm by a felon. We affirmed the conviction and sentence in 2004 (C.A. No. 03-2265), and we have since rejected two collateral attacks on his sentence (C.A. Nos. 07-4688 & 09-4423). Smith completed his federal sentence in March 2011 and is currently serving a Pennsylvania state sentence.

Smith filed the motion at issue here after his release from federal custody. In the motion, he asked the District Court to correct a purported clerical error in his sentence regarding the relationship between his state and federal sentences. Smith was serving a state sentence when he was transmitted to federal custody on June 12, 2002, pending his federal trial, and he was transferred back to state custody on April 22, 2003, following his federal sentencing. At that sentencing, the District Court declined Smith's request that his federal sentence run concurrently with his undischarged state sentence, but it awarded him credit against his federal sentence for the time that he was in pre-sentence federal custody (i.e., from June 12, 2002, through April 22, 2003). Smith asserts that Pennsylvania authorities have not credited that time against his state sentence, and he argues that the District Court neglected to state on the record whether that portion of his federal sentence was concurrent with his state sentence. He requested that the District Court correct this purported clerical error by providing "any indication that the court was aware of the undischarged state sentence when it awarded the time credit." (Docket No. 135 at 2.)

The District Court solicited responses from the Government and from Smith's trial counsel. Then, by order entered July 18, 2011, it construed Smith's motion as one under Rule 35(a) and denied it. The District Court explained both that there was no error in the federal sentence and that it is Pennsylvania's prerogative to decide what credit to award Smith against his state sentence. The District Court also concluded that the asserted error was not clerical and that Smith's motion was untimely under Rule 35(a). Smith appeals.

Smith argues that the District Court should have treated his motion as one under criminal Rule 36 (which is addressed to "clerical error") rather than one under Rule 35(a) (which is addressed to "clear error"), but we agree that the purported error that Smith asserts was neither clerical in nature nor an error at all. See United States v. Bennett, 423 F.3d 271, 277-78 (3d Cir. 2005) ("'A clerical error [under Rule 36] involves a failure to accurately record a statement or action by the court or one of the parties.'") (citation omitted). We also agree that Smith's motion, to the extent it might lie under Rule 35(a), is untimely. See Fed. R. Crim. P. 35(a) (permitting courts to correct sentences within fourteen days after sentencing); cf. United States v. Higgs, 504 F.3d 456, 463 (3d Cir. 2007) (holding that seven-day period of former Rule 35(a) was jurisdictional).

More fundamentally, Smith's motion states no discernible basis for relief. He already has completed his federal sentence and seeks no relief in that regard. Instead, he appears to believe that he is entitled to credit against his state sentence for time served in federal pre-sentencing custody. He has not explained why that might be the case, however, or how a ruling by the District Court might assist him in obtaining that state

3

credit.  To the contrary, any request for credit against his state sentence must be addressed to the appropriate Pennsylvania state authorities.  Accordingly, we will affirm.