**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2791
_____

In re: RICHARD ANNUNZIATA, Debtor

Richard Annunziata,
                                        Appellant

v.

Putnam At Tinton Falls, LLC; Abilheira & Associates,
as holder of Escrow; YFM Tinton LLC

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-17-cv-05733)
District Judge:  Honorable Michael A. Shipp

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 17, 2019
Before:  CHAGARES, BIBAS and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 18, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Richard Annunziata appeals from the order of the District Court, which affirmed an order of the Bankruptcy Court granting summary judgment to one of Annunziata's creditors as to liability but not damages. We will dismiss this appeal in part and will otherwise vacate and remand for the District Court to dismiss Annunziata's appeal to that court for lack of appellate jurisdiction.

I.

In 2015, Annunziata filed a bankruptcy petition that ultimately was converted into one under Chapter 11. Annunziata later filed an adversary proceeding (D.N.J. Bankr. No. 15-02272) against several entities, including Putnam at Tinton Falls, LLC ("Putnam"). Putnam in turn filed counterclaims against Annunziata. All of the parties' claims and counterclaims ultimately were resolved save Putnam's first counterclaim. That counterclaim sought the entry of a monetary judgment against Annunziata and a ruling that the judgment is not dischargeable in bankruptcy.

On the parties' cross-motions for summary judgment, the Bankruptcy Court agreed with Putnam and entered judgment as to liability in its favor. The Bankruptcy Court, however, did not enter judgment as to the amount of the claim. Instead, the Bankruptcy Court wrote that "[t]his Court will schedule a proof hearing to determine the amount of the judgment." (D.N.J. Bankr. No. 15-02272, ECF No. 303 at 14.) As of this writing, the Bankruptcy Court has neither scheduled nor conducted that hearing.

2

Annunziata filed a timely motion for reconsideration with the Bankruptcy Court, which denied it. Annunziata then appealed to the District Court. The District Court asserted appellate jurisdiction and affirmed the Bankruptcy Court's entry of summary judgment as to liability on the merits. Annunziata now appeals to us. Annunziata was represented by counsel in the Bankruptcy Court, including when he filed his District Court appeal, but he filed that appeal and his appeal to this Court pro se.

II.

The District Court asserted jurisdiction under 28 U.S.C. § 158(a)(1), which gives it jurisdiction to review "final judgments, orders, and decrees" in bankruptcy proceedings. We likewise have jurisdiction to review the District Court's "final decisions, judgments, orders, and decrees" in bankruptcy under 28 U.S.C. § 158(d)(1).

Putnam did not contest the District Court's jurisdiction in that court and initially did not contest our jurisdiction in this one. We, however, have an independent obligation to assure ourselves of both our jurisdiction and that of the District Court. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 95 (1998) (citation omitted); United States v. Higgs, 504 F.3d 456, 457 (3d Cir. 2007). Thus, we directed the parties to address whether the Bankruptcy Court's order is final for purposes of § 158. Putnam argues that it is not, and we agree.

The order appealed from is the Bankruptcy Court's order denying Annunziata's motion to reconsider its entry of summary judgment for Putnam as to liability but not

3

damages. Annunziata's motion for reconsideration was timely under Fed. R. Bankr. P. 9023, so his appeal brought up the Bankruptcy Court's underlying entry of summary judgment for review. See Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59); Long v. Atl. City Police Dep't, 670 F.3d 436, 446 n.20 (3d Cir. 2012) (addressing Rule 59(e)).

The Bankruptcy Court's underlying entry of summary judgment, however, is not final for purposes of § 158. In ordinary civil litigation, an order granting summary judgment as to liability but not damages is not a final decision appealable under 28 U.S.C. § 1291. See Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 744 (1976).[1] Although we interpret finality under § 158 somewhat more flexibly, the same principle applies to summary judgment orders, like this one, that do not finally resolve a discrete bankruptcy adversary proceeding. See Natale v. French & Pickering Creeks Conservation Tr., Inc. (In re Natale), 295 F.3d 375, 379 (3d Cir. 2002) (citing, inter alia, Clark v. First State Bank (In re White Beauty View, Inc.), 841 F.2d 524, 526 (3d Cir. 1988)).

---

[1] There is an exception when the calculation of damages is merely ministerial. See Vitale v. Latrobe Area Hosp., 420 F.3d 278, 281 (3d Cir. 2005). Neither party argues that this exception applies here, and it does not. Putnam seeks $1.5 million in compensatory damages, and it has filed a trial brief with the Bankruptcy Court responding to an apparent suggestion by that court that Putnam might be entitled only to $1.3 million instead. (D.N.J. Bankr. No. 15-02272, ECF No. 339 at 4.) Putnam also seeks, inter alia, punitive damages and attorneys' fees. We, of course, express no opinion on any of these issues.

4

Thus, the Bankruptcy Court's order entering summary judgment as to liability but not damages was not immediately appealable to the District Court and is not immediately appealable to this one. It follows that the Bankruptcy Court's order denying reconsideration of that ruling is not immediately appealable either. See Aerosource, Inc. v. Slater, 142 F.3d 572, 579 (3d Cir. 1998). For these reasons, we lack jurisdiction under § 158(d)(1) to review the Bankruptcy Court's rulings or the District Court's affirmance of those rulings on the merits, and we will dismiss this appeal to that extent.

That conclusion does not end our discussion. In bankruptcy cases, we potentially have jurisdiction over the District Court's order under both § 158(d)(1) and § 1291. See Cinicola v. Scharffenberger, 248 F.3d 110, 115 n.1 (3d Cir. 2001). The District Court's order is final for purposes of § 1291 because it finally resolved Annunziata's appeal, and we have jurisdiction under § 1291 to review the District Court's exercise of jurisdiction. See Steel Co., 523 U.S. at 95 (citation omitted).

The District Court lacked jurisdiction under § 158(a)(1) as explained above. Unlike this Court, however, District Courts may grant leave under 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8004 to appeal interlocutory orders of the Bankruptcy Courts. See Prof'l Ins. Mgmt. v. Ohio Sec. Ins. Co. (In re Prof'l Ins. Mgmt.), 285 F.3d 268, 279 (3d Cir. 2002); White Beauty View, 841 F.2d at 525. Thus, the District Court's ruling raises the question whether we should construe it as having exercised jurisdiction under § 158(a)(3). We decline to do so.

5

We addressed a nearly identical situation in <u>White Beauty View</u>.  In that case, as in this one, the District Court exercised jurisdiction over an order granting partial summary judgment that was not final under § 158(a).  <u>See</u> <u>White Beauty View</u>, 841 F.2d at 525-26.  We concluded that the District Court lacked jurisdiction under § 158(a) for that reason.  <u>See</u> <u>id.</u>  We also considered the possibility of construing the District Court's ruling as having impliedly granted leave to appeal under § 158(a)(3).  <u>See</u> <u>id.</u> at 527.  We declined to "approve such a practice" because "[t]he statute specifically demands leave" and the appellant's failure to follow the procedure for seeking leave now codified at Rule 8004 did not "alert the district court to the need for an informed exercise of discretion in deciding whether to grant leave to appeal."  <u>Id.</u>; <u>see also</u> <u>Kingdom Fresh Produce, Inc. v. Stokes Law Office, L.L.P. (In re Delta Produce, L.P.)</u>, 845 F.3d 609, 618 (5th Cir. 2016) (following <u>White Beauty View</u> in declining to construe a District Court ruling on the merits as having granted leave to file an interlocutory appeal).  The same is true here.[2]

Thus, like this Court, the District Court lacked jurisdiction to review the Bankruptcy Court's orders.  For that reason, we will vacate the District Court's order to

---

[2] Even if the District Court's ruling could be construed as having granted leave to file an interlocutory appeal, we still would lack jurisdiction over the merits because the Bankruptcy Court's order would remain non-final for purposes of § 158(d)(1).  <u>See</u> <u>White Beauty View</u>, 841 F.2d at 527.

the extent that the District Court exercised jurisdiction and will remand for the District Court to dismiss Annunziata's appeal. See In re Delta Produce, 845 F.3d at 618.[3]

### III.

For these reasons, we will dismiss this appeal to the extent that Annunziata seeks review of the Bankruptcy Court's orders and the District Court's affirmance of those orders on the merits. We also will vacate the District Court's order to the extent that the District Court exercised appellate jurisdiction and will remand for the District Court to dismiss Annunziata's appeal.[4]

---

[3] We similarly concluded that the District Court lacked jurisdiction in White Beauty View but, rather than vacate and remand, we simply dismissed the appeal to this Court. In that case, however, we addressed our jurisdiction only under § 158(d)(1) and did not address our jurisdiction under § 1291 or even mention that statute. Thus, White Beauty View does not preclude our exercise of jurisdiction under § 1291, and we believe it most appropriate to vacate and remand under the circumstances presented here. As explained above, the Bankruptcy Court's order entering summary judgment as to liability is not final because the Bankruptcy Court has not yet determined the amount of Putnam's claim. Once the Bankruptcy Court does so, one or both parties can consider filing a new appeal to the District Court to raise such challenges to the Bankruptcy Court's rulings on liability and damages as they wish to raise. We express no opinion on whether an appeal would be jurisdictionally proper at that time. If the issue of liability properly comes before the District Court in the future, nothing in our opinion prevents the District Court from relying on the analysis of liability that it already has performed. Because we lack jurisdiction over the merits, however, we express no opinion on the merits of that analysis.

[4] Annunziata did not file a timely response to our Clerk's order directing the parties to address the issue of jurisdiction. We nevertheless have considered the arguments raised in his untimely response and we reject them. Annunziata argues, for example, that the Bankruptcy Court and District Court have personal jurisdiction over him. At issue here is the District Court's and this Court's appellate jurisdiction, not personal jurisdiction. Annunziata also argues that denying him an appeal would deprive him of due process.

The issue of finality discussed herein, however, goes to <u>when</u> Annunziata can appeal, not <u>whether</u> he can appeal. As noted above, Annunziata can appeal the Bankruptcy Court's entry of summary judgment to the District Court, and then to this Court, once it is final for purposes of § 158(a)(1) and (d)(1).