

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-24-2009

# In Re:Search Warrant

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3689

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re:Search Warrant " (2009). *2009 Decisions.* Paper 1704.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1704

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

—————Nos. 07-3689, 07-3721, 07-3722,
07-3723, 07-3724, 07-3725

—————

IN RE:  SEARCH WARRANTS EXECUTED ON:
309 PRIMOSE LANE, HANOVER, PENNSYLVANIA 17731

Avery Sollenberger, Dena Sollenberger and
Wendell Sollenberger,

Appellants in No. 07-3689

—————

IN RE:  SEARCH WARRANTS EXECUTED ON:
95 NORTH ALLWOOD DRIVE, HANOVER, PENNSYLVANIA 17731

Gary Sollenberger,

Appellant in No. 07-3721

—————

IN RE:  SEARCH WARRANTS EXECUTED ON:
309 PRIMOSE LANE, HANOVER, PENNSYLVANIA 17731

Gary Sollenberger, Avery Sollenberger, Dena Sollenberger
and Wendell Sollenberger,

Appellants in No. 07-3722

—————

IN RE:  SEARCH WARRANTS EXECUTED ON:
309 PRIMOSE LANE, HANOVER, PENNSYLVANIA 17731

Gary Sollenberger,

Appellant in No. 07-3723

IN RE:  SEARCH WARRANTS EXECUTED ON:
309 PRIMOSE LANE, HANOVER, PENNSYLVANIA 17731

Avery L. Sollenberger,

Appellant in No. 07-3724


IN RE:  SEARCH WARRANTS EXECUTED ON:
309 PRIMOSE LANE, HANOVER, PENNSYLVANIA 17731

Wendell Sollenberger,

Appellant in No. 07-3725


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Nos. 1:05-MC-0151, 1:05-MC-0152,
1:05-MC-0153, 1:05-MC-0154,
1:05-MC-0155, 1:05-MC-0156)
Honorable Christopher C. Conner, District Judge


Submitted under Third Circuit LAR 34.1(a)
March 6, 2009

BEFORE:  BARRY and GREENBERG, Circuit Judges,
and ACKERMAN, District Judge*

(Filed: March 24, 2009)

---

*The Honorable Harold A. Ackerman, Senior Judge of the United States District Court for the District of New Jersey, sitting by designation.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

These matters come on before this Court on appeals from an order of the District Court dated and entered on August 13, 2007, denying motions under Fed. R. Crim. P. 41(g) for the return of property seized pursuant to search warrants. The movants in the District Court and the appellants in this Court are Avery Sollenberger, Dena Sollenberger, Gary Sollenberger, and Wendell Sollenberger (collectively the "Sollenbergers"). The District Court explained the complete background of the matter in its comprehensive opinion and, accordingly, we do not repeat what that Court set forth. We, however, do point out that, after the hearing in the District Court on the Rule 41(g) motions, a grand jury indicted all four Sollenbergers for tax offenses, and, after the District Court denied the motions, Avery, Gary, and Wendell were tried and found guilty while Dena was tried and acquitted.

The case is unusual in that even though the Sollenbergers brought the proceedings in the District Court, they indicate in their brief that it is their "position that the . . . Court . . . lacked subject matter jurisdiction" because the warrants pursuant to which the agents made the searches "were facially defective in direct violation of the Fourth Amendment." Moreover, the Sollenbergers contend that the District Court lacked jurisdiction because they had not been indicted when the warrants were issued, the searches made, and the

3

motions for the return of property filed.[1]  Appellants' br. at 11.  The Sollenbergers initially address our jurisdiction by indicating that ordinarily we would have jurisdiction under 28 U.S.C. § 1291 on an appeal from "a final order imposed in a motion for return of property pursuant to" Rule 41(g).  Appellants' br. at 2.  They then argue that if we accept their contention that the District Court did not have "subject matter and/or in personam jurisdiction" the August 13, 2007 order from which they have appealed would be void and we "would likewise lack appellate jurisdiction."  Id.

We, of course, first address our own jurisdiction for if we do not have jurisdiction then all we could do on the appeals would be to announce that we do not have jurisdiction and dismiss the appeals.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 1012-13 (1998).  Thus, if we did not have jurisdiction we certainly could not declare the District Court's order to be void, a remedy that the Sollenbergers seek from us on this appeal.  We, however, do have jurisdiction under 28 U.S.C. § 1291 because, regardless of whether the District Court had jurisdiction, it attempted to exercise jurisdiction and it entered a final order.  Inasmuch as we determine that we do have jurisdiction we next will determine whether the District Court had jurisdiction for, as we repeatedly have indicated, on an appeal we must examine the district court's jurisdiction.

---

[1]It is not clear to us how it would be useful to the Sollenbergers if the District Court did not have jurisdiction because in the absence of jurisdiction all that Court could have done would have been to dismiss the proceedings, thus leaving the property the Sollenbergers were seeking to recover in the hands of the Government.

4

See, e.g., United States v. Higgs, 504 F.3d 456, 457 (3d Cir. 2007) ("This Court has an obligation to inquire sua sponte into its own and, necessarily, into the jurisdiction of the District Court to enter the order on appeal."). We conclude that the District Court did have jurisdiction, see United States v. Premises Known as 608 Taylor Ave., 584 F.2d 1297, 1299-1300 n.3 (3d Cir. 1978), and thus we will consider the appeals on their merits.

We will affirm substantially for the reasons that the District Court set forth in its August 13, 2007 opinion, as the opinion fully addresses the issues involved in this case and we are in agreement with the Court's conclusions. In reaching our result we accept the Government's concession predicated on United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993), that we exercise plenary review,[2] but we nevertheless are struck by the District Court's careful analysis of the facts in the case, which it explains as follows:

> These findings are based on testimonial and documentary evidence presented at the hearing on the motions, as well as on affidavits proffered in support of the motions. The findings substantially reflect the testimony given by the government agents. The court notes that during the course of the hearing, the Sollenbergers attempted to impeach the credibility of IRS Special Agents Klinte J. Keppley and Chris Hueston. However, the testimony of these agents was largely supported by that of four agents whose credibility was not impeached, namely IRS Special Agents Christopher D. Kegerreis, Ernest S. Binder, Martin McLaughlin, and Kelvin Bowser. Given this degree of corroboration, the court finds the testimony of all six agents to be credible and resolves in favor of the agents any conflicts in testimony between the Sollenbergers and the agents.

---

[2]The Government may be too generous to the Sollenbergers as the Mills court said that "[w]e review the district court's interpretation of Rule 41(e) [now Rule 41(g)] de novo." Mills, 991 F.2d at 612. In our view a court's factual findings are a different thing than its interpretation of court rules.

5

App. at 4.  Notwithstanding the District Court's careful analysis of the facts, when we read the Sollenbergers' brief and compared it to the District Court opinion we had the sense that they almost were describing different cases.  In any event, we believe that we should accept the factual findings as the District Court made them.

The order of August 13, 2007, will be affirmed.