**UNITED STATES of America**

v.

**Thomas DANIELS, Appellant.**

**No. 09–1423.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) July 1, 2009.

Opinion filed: July 20, 2009.

---

Bernadette A. McKeon, Esq., Robert A. Zauzmer, Esq., Ewald Zittlau, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Before: Chief Judge, SCIRICA, CHAGARES and WEIS, Circuit Judges.

## OPINION

PER CURIAM.

Thomas Daniels, a federal prisoner proceeding pro se, appeals the District Court's denial of his motion for a reduced sentence. For the reasons that follow, we will affirm.

### I.

In 1996, an Eastern District of Pennsylvania jury convicted Daniels of distributing cocaine and cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1). At sentencing, the District Court classified Daniels as a career offender pursuant to U.S.S.G. § 4B1.1. Although his sentencing range under the Guidelines was 360 months to life imprisonment, his prior felony drug convictions raised the statutory mandatory minimum sentence to life imprisonment. See 21 U.S.C. § 841(b)(1)(A). Accordingly, the District Court imposed a life sentence for Daniels' crack offense and a concurrent thirty-year term of imprisonment for his cocaine offense. On direct appeal, we affirmed the judgment of conviction and sentence. In 1998, the District Court denied Daniels' 28 U.S.C. § 2255 motion to vacate his sentence, and we affirmed on appeal.

In March 2008, Daniels moved the District Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(B) and (c)(2) in light of Amendments 591, 706, and 711 to the Sentencing Guidelines.[1] The court denied this motion in an order entered on September 23, 2008, stating that Daniels' life sentence reflected the statutory mandatory minimum. Daniels later filed a motion for reconsideration, which the court denied in an order entered on December 31, 2008. Daniels now appeals these two orders to this Court.

### II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exer-

---

1. Amendment 591 modified the Guidelines to require a sentencing court to apply the offense guideline referenced in the Sentencing Manual's Statutory Index that corresponds to the statute under which the defendant was convicted. See United States v. Diaz, 245 F.3d 294, 301–02 (3d Cir.2001). Amendment 706, which was later amended by Amendment 711, reduced by two levels the base offense levels applicable to certain crack offenses. United States v. Wise, 515 F.3d 207, 219 & n. 8 (3d Cir.2008).

cise plenary review over a district court's determination that a defendant is ineligible for a reduced sentence under § 3582(c). *See United States v. Sanchez*, 562 F.3d 275, 277 & n. 4 (3d Cir.2009); *cf. United States v. Pivorotto*, 986 F.2d 669, 673 (3d Cir.1993) (exercising plenary review over a district court's denial of a motion filed pursuant to Fed.R.Crim.P. 35(a)).

Under § 3582(c)(1)(B), a district court may reduce a defendant's term of imprisonment "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Daniels' motion, however, did not identify an applicable statute. Moreover, to the extent he intended to rely on Fed. R.Crim.P. 35(a)—which provides that, "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error"[2]—the District Court was without jurisdiction to grant relief on this basis because the seven-day time limit had long since expired. *See United States v. Higgs*, 504 F.3d 456, 464 (3d Cir.2007) (holding that Rule 35(a)'s seven-day time limit is jurisdictional). Even if the court would have had jurisdiction to grant this relief, Daniels failed to show that his sentence resulted from arithmetical, technical, or other clear error. Accordingly, Daniels' claim under § 3582(c)(1)(B) fails.

Daniels' claim under § 3582(c)(2) also lacks merit. Under this provision, a district court may reduce a defendant's term of imprisonment if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*)." 18 U.S.C. § 3582(c)(2). Although Daniels ar-

gues that he is entitled to such a reduction based on Amendments 591, 706, and 711, he was sentenced pursuant to a statutory mandatory minimum, not a guideline modified by these amendments. Accordingly, he is ineligible for a sentence reduction.[3] *See* U.S.S.G. § 1B1.10 cmt. n. 1(A) (stating that a sentence reduction pursuant to § 3582(c)(2) is not authorized if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)"); *United States v. Doe*, 564 F.3d 305, 312 (3d Cir.2009) (holding that Amendment 706 did not render defendant, who was subject to a statutory mandatory minimum sentence of life imprisonment, eligible for a sentence reduction under § 3582(c)(2)).

The Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), did not give the District Court an independent basis on which to reduce his sentence. *See United States v. Mateo*, 560 F.3d 152, 155 (3d Cir.2009) (stating that "this Court has rejected the argument that *Booker* provides a basis for reduction of sentence not otherwise allowable under § 3582(c)"). Moreover, to the extent Daniels attempts to raise claims beyond those permitted under § 3582(c), they are outside the scope of this appeal.

Accordingly, we will affirm the District Court's orders denying Daniels' motion for a reduced sentence and his motion for reconsideration, respectively. Daniels' motion for appointment of counsel and his "Motion to Take Judicial Notice of Adjudi-

---

**2.** Fed.R.Crim.P. 35(b), which concerns reducing a defendant's sentence based on his substantial assistance, is not relevant here.

**3.** Even if Daniels sought to reduce only his thirty-year concurrent sentence for the cocaine offense—which of course would not im-

pact the length of his actual imprisonment—his § 3582(c)(2) claim would still fail because none of the amendments he cites modified the Guidelines' career offender provision—§ 4B1.1—the guideline that determined his sentencing range.

cated Facts to Support the Annexed Informal Brief—Federal Rules of Evidence—'Rule 201' " are denied.