OPINION OF THE COURT
FISHER, Circuit Judge.
Antonio Figueroa appeals from the District Court’s order denying his motion to compel the Bureau of Prisons (“BOP”) to credit him for time served or, in the alternative, to correct his sentence. For the reasons that follow, we will vacate the District Court’s order and remand this case to the District Court.
I.
We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.
In January 2002, Figueroa was arrested and charged by the Pennsylvania authorities with violating the terms of his probation and committing other offenses arising out of his participation in a home invasion robbery. In February 2002, he was sentenced in a Pennsylvania court to one to two years in prison for the probation violation.[1]
In February 2003, Figueroa was indicted by the federal government in the Eastern District of Pennsylvania on four charges arising out of the home invasion robbery.[2] In April 2003, while Figueroa *729 was still serving his sentence for the probation violation, the Pennsylvania authorities transferred him to the custody of the United States Marshals Service.[3] That same month, Figueroa pled guilty in the United States District Court for the Eastern District of Pennsylvania to all four charges in the indictment. In April 2005, the District Court sentenced Figueroa to concurrent sentences of twelve months in prison on three of the charges and a consecutive term of eighty-four months in prison on the fourth charge. The District Court recommended that the BOP credit Figueroa for all time served since his January 2002 arrest and that his sentence ran concurrently with any other sentence, state or federal, that Figueroa may have been serving since that time. Figueroa did not appeal his sentence.
Figueroa was imprisoned at the Federal Detention Center in Philadelphia from April 2005 until June 2005, when he was transferred to the United States Penitentiary in Lewisburg, Pennsylvania. After approximately one week at the Lewisburg facility, Figueroa was transferred to the Federal Correctional Institution' — Schuylkill in Minersville, Pennsylvania.
In August 2007, while still imprisoned at the Minersville facility, Figueroa filed a motion in the United States District Court for the Eastern District of Pennsylvania seeking to compel the BOP to credit him for time served since January 2002 or, in the alternative, to correct his sentence. The District Court denied that motion on the ground that Figueroa had failed to exhaust his administrative remedies. Thereafter, Figueroa petitioned the BOP to credit him for time served. The BOP denied that petition. In February 2008, Figueroa filed another motion in the District Court seeking to compel the BOP to credit him for time served or, in the alternative, to correct his sentence. In November 2008, the District Court summarily denied Figueroa’s motion. In a footnote, the District Court clarified that it had only recommended, not ordered, that Figueroa receive credit for time served since January 2002 and that his federal sentence run concurrently with any other sentence. The District Court also found no error in either the BOP’s calculation of Figueroa’s credit for time served or its denial of his petition. This appeal followed.[4]
II.
We have an obligation to consider both our own jurisdiction and the jurisdiction of the District Court before entering an order on appeal. See United States v. Higgs, 504 F.3d 456, 457 (3d Cir.2007).
In his motion before the District Court, Figueroa cited no statutory basis for the relief he requested. Because Figueroa essentially challenged the manner in which his sentence was executed and not the validity of the sentence itself, he clearly sought relief that is available exclusively under 28 U.S.C. § 2241. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241-44 (3d Cir.2005); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir.2001) (holding that 28 U.S.C. § “2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution *730 of his sentence” (citations omitted)); see also, e.g., United States v. Grimes, 641 F.2d 96, 99 (3d Cir.1981) (rejecting the petitioner’s claim “that he [was] entitled to federal credit for time spent serving his state sentences” because it constituted “a challenge to the sentence as executed by the prison and parole authorities and should [have been] made on a petition for a writ of habeas corpus [under] 28 U.S.C. § 2241, not under 28 U.S.C. § 2255 whose terms cover challenges to sentences as imposed” (citations omitted)).
A petition brought under 28 U.S.C. § 2241 must be filed in the district in which the petitioner is imprisoned. Rumsfeld v. Padilla, 542 U.S. 426, 447, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) (“Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.” (citations omitted)); Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir.2009) (noting that the petitioner, who challenged the BOP’s determination that he was ineligible for early release, had “appropriately filed his habeas corpus petition in the district of confinement”); Yi v. Maugans, 24 F.3d 500, 503 (3d Cir.1994) (“A district court’s habeas corpus jurisdiction is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district.” (citations omitted)).
At the time Figueroa filed his motion in the District Court, he was imprisoned at a facility in Minersville, Pennsylvania, which is located within the territorial limits of the Middle District of Pennsylvania.[5] Therefore, Figueroa was required to file a petition under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. The United States District Court for the Eastern District of Pennsylvania lacked jurisdiction to consider his motion. Accordingly, we will vacate the District Court’s order and remand this case to the District Court with instructions to dismiss it without prejudice, unless the District Court finds that a transfer under 28 U.S.C. § 1631 is appropriate under the circumstances.[6]
III.
For the foregoing reasons, we will vacate the District Court’s order and remand this case to the District Court for further proceedings consistent with this opinion.[7]

. Figueroa completed that sentence in January 2004.

. Specifically, Figueroa was indicted for conspiracy to affect commerce by robbery in vio *729 lation of 18 U.S.C. § 1951(a); interference with commerce by robbery in violation of 18 U.S.C. § 1951(a); using and carrying a firearm during the commission of a violent crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

. The Pennsylvania authorities apparently dropped the charges against Figueroa arising out of the home invasion robbery in light of the federal charges against him.

. We have jurisdiction to review the District Court’s order under 28 U.S.C. § 1291.

. We have taken judicial notice of Miners-ville's location within the territorial limits of the Middle District of Pennsylvania. See generally Boyce Motor Lines v. United States, 342 U.S. 337, 344, 72 S.Ct. 329, 96 L.Ed. 367 (1952) (Jackson, J., dissenting) (acknowledging a court’s authority to "take judicial notice of geography”). We note as well that the BOP's website states that the Federal Correctional Institution — Schuylkill is located in the Middle District of Pennsylvania. See http://www.bop.gov/locations/institutions/sch/ index.jsp (last visited Sept. 18, 2009).

. The caption of Figueroa’s motion before the District Court indicates that he also sought to correct his sentence. Federal Rule of Criminal Procedure 35(a) provides: "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(a). Rule 35(a)'s time limitation is jurisdictional. United States v. Washington, 549 F.3d 905, 915-16 (3d Cir.2008). Because Figueroa’s motion was filed well beyond that limitation, the District Court also lacked jurisdiction to consider it to the extent Figueroa sought relief under that rule.

.Given this disposition, we do not reach the merits of Figueroa's motion.