ALD-176                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1051
_____

UNITED STATES OF AMERICA

v.

TERRY PEPPERS, agent of SKEE
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 06-cr-00614-001)
District Judge:  Honorable Katharine S. Hayden

_____

Submitted for Possible Dismissal due to a Jurisdictional Defect,
a Decision on the Issuance of a Certificate of Appealability, and
for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 10, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion filed: May 24, 2012)
_____

OPINION
_____

PER CURIAM.

    Terry Peppers appeals, pro se, from a District Court order denying his

request to reopen the District Court's prior decision denying his request for a

modification of sentence. For the reasons that follow, we will summarily affirm the District Court's order.

I.      Background

Peppers pleaded guilty to firearm offenses in violation of 18 U.S.C. § 922(g)(1), and he was sentenced in May 2007 to a term of 130 months of imprisonment. In March 2008, Peppers sent a letter to the District Court "regard[ing an] article [he] read in [T]he Star Ledger about Passiac County Jail," and asked "[if he was] eligible for any . . . downward [sentencing] departure?" The District Court construed the letter as a request to modify his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, and in July 2008 the District Court denied the request as untimely.[1] Peppers did not appeal. In June 2011, he filed a motion, citing Rule 60(b) of the Federal Rules of Civil Procedure, arguing that he had intended his letter to be a timely motion under 28 U.S.C. § 2255. The District Court denied the motion by order entered December 13, 2011, and Peppers appeals.

II.     Jurisdiction

---

[1] The District Court noted that in United States v. Sutton, 2007 WL 3170128 (D.N.J. Oct. 25, 2007, No. 07-426) and United States v. Ortiz, 2007 WL 4208802 (D.N.J. Nov. 27, 2007, Nos. 06-858, 07-256), it had granted downward variances below the sentencing guideline range based on conditions in the Passaic County Jail, a facility where Peppers had been incarcerated during pretrial confinement.

We begin with a question of appellate jurisdiction. The District Court construed Peppers' March 2008 letter as a motion under the Federal Rules of Criminal Procedure. That construction was entirely plausible, and Peppers did not timely appeal it. Peppers much later filed a motion for reopening, citing the Federal Rules of Civil Procedure. Although the Federal Rules of Civil Procedure are not applicable to criminal cases, motions for reopening and reconsideration may, of course, be filed in criminal cases. See United States v. Fiorelli, 337 F.3d 282, 286 (3d Cir. 2003). Under these circumstances, we think it proper to apply the rules governing appeals in criminal cases. Thus, Peppers had 14 days to appeal the District Court's denial of reopening. See Fed. R. App. P. 4(b)(1)(A).

The District Court did not receive Peppers' notice of appeal until January 4, 2012, 22 days after the entry of the District Court's order. Peppers, however, is entitled to the benefit of the prison mailbox rule, see Houston v. Lack, 487 U.S. 266, 270-72 (1988), and he turned his notice of appeal over to prison officials on December 30, 2011, only three days beyond the Fed. R. App. P. 4(b) deadline. Peppers has also alleged that it took eight days for the District Court's order to reach him. In an appropriate case, we might ask the District Court for factfinding as to how much of the time delay was attributable to the prison. See United States v. Grana, 864 F.2d 312, 313 (3d Cir. 1989); see also Long v. Atlantic City Police

3

Dep't, 670 F.3d 436, 443-44 (3d Cir. 2012) (reaffirming <u>Grana</u>'s vitality). We need not do so here, though, because the 14-day period for appeals in a criminal case is non-jurisdictional, <u>see</u> <u>Virgin Islands v. Martinez</u>, 620 F.3d 321, 329 (3d Cir. 2010), and the Government has not pressed the timeliness issue.[2] We therefore turn to the merits. We review the District Court's denial of a motion for reconsideration for an abuse of discretion only. <u>See</u> <u>Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 673 (3d Cir. 1999).

III.    <u>Discussion</u>

Under the version of Rule 35(a) applicable to Peppers,[3] "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." This seven-day time limit is jurisdictional. <u>United States v. Higgs</u>, 504 F.3d 456, 463 (3d Cir. 2007) (contrasting the time limit in Rule 35 with the Supreme Court's decision in <u>Eberhart v. United States</u>, 546 U.S. 12 (2005), regarding Rule 33). In this case, Peppers was sentenced in May 2007 and he filed his letter, which was construed as a Rule 35 motion, in March 2008. The District Court, therefore, understandably determined that it lacked jurisdiction

---

[2]  To the extent that this proceeding should be governed by Fed. R. App. P. 4(a)'s 60-day time limit, Peppers' appeal is, of course, timely.

[3]  The former version of Rule 35(a) applies because Peppers filed the March 2008 letter before the section was amended. <u>See</u> Fed. R. Crim. P. 35 Advisory Comm. Notes.

to modify Peppers' sentence under Rule 35. Nothing in Peppers' motion to reopen called the District Court's jurisdictional analysis or timeliness calculation into question in any way.[4]

Peppers now argues that the District Court was required to allow him an opportunity to challenge the characterization of his letter as a Rule 35 motion. In support, he cites Castro v. United States, 540 U.S. 375 (2003), and United States v. Miller, 197 F.3d 644 (3d Cir. 1999). Peppers misapprehends those opinions. In Castro and Miller, the courts were concerned about the strict limitations that the Antiterrorism Effective Death Penalty Act ("AEDPA") placed on § 2255 motions. Castro, 540 U.S. at 377; Miller, 197 F.3d at 645. Therefore, in Castro, the Supreme Court held that "when a court recharacterizes a pro se litigant's [pleading] as a first § 2255 motion[,] . . . the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant . . . [of] the restrictions on 'second or subsequent' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." 540 U.S. at 383. Miller was similarly concerned about

_____

[4] We note, of course, that the time for appealing the District Court's 2008 order long ago ran. Moreover, vehicles such as Fed. R. Civ. P. 60(b) cannot be used to provide an untimely appeal. See, e.g., Page v. Schweiker, 786 F.2d 150, 158 (3d Cir. 1986).

ensuring that a movant be allowed to make a knowledgeable decision before proceeding *via* § 2255. The opinions do not require district courts, as here, to make a searching inquiry before treating a letter a something *other than* a § 2255 motion. See 197 F.3d at 646.

Here, there was no indication that Peppers' March 2008 letter challenged his conviction or incarceration in a way § 2255 anticipates,[5] as Peppers' letter simply stated that "[he was] curious to know [if his sentence was] eligible for any . . . downward departure." While a court must construe a pro se litigant's pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), it need not act as his advocate, see Pliler v. Ford, 542 U.S. 225, 231 (2004). The District Court generously treated Peppers' brief letter as a Rule 35 motion. Peppers has not now shown that the District Court erred somehow by failing to do more.

Accordingly, we will summarily affirm the District Court's order.[6]

---

[5] Peppers sought a downward sentencing departure based on the harsh conditions in Passaic County Jail. Because this claim could, and should, have been brought at sentencing and on direct appeal, his ability to bring it in a § 2255 motion was, we note, quite limited. See, e.g., United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993), abrogated on other grounds by LAR 31.3 (describing such a "default" of a claim). Nothing in Peppers' brief letter to the District Court suggested the "cause" necessary to proceed with such a "defaulted" claim. This makes the District Court's failure to construe Peppers' letter as a § 2255 motion all the more unsurprising.

[6] To the extent, if any, that Peppers requests or needs a certificate of appealability, the request is DENIED. See 28 U.S.C. § 2253(c).